## THE STELLA.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1922.)

No. 3744.

Collision ☞115—Tug which is merely assisting steamship under orders of latter's master is not liable.

Where a tug was employed merely to assist a steamship, which was proceeding under her own power, in passing through a channel, and was subject to the orders of the steamship's master, she is not liable in rem for a collision between the steamship and another vessel, resulting from her obedience to an order of the steamship's master.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Libel in admiralty by the Standard Oil Company of New Jersey against the steam tug Stella, of which D. M. Picton & Co., Inc., was claimant. From a decree dismissing the libel, libelant appeals. Affirmed.

F. D. Minor, of Beaumont, Tex., and Robert S. Erskine, of New York City, for appellant.

Wm. B. Lockhart and J. W. Lockhart, both of Galveston, Tex., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree dismissing appellant's libel in rem against the tug Stella. Appellant seeks recovery against the tug for damages sustained in a collision between its steamship, the A. J. Bostwick, and the steamship War Nizam, which occurred in the Port Arthur Canal, below Port Arthur, Tex.

The negligence relied on was the failure of the War Nizam to give way for the Bostwick to pass. The position of the Stella did not contribute to the collision, and its liability, in appellant's view of the case, depends upon whether it was responsible for the position of the War Nizam in the canal. The War Nizam was proceeding under her own

steam, but, owing to the fact that she was heavily laden and had to plow her way through the mud in the bottom of the canal, she engaged the assistance of the Stella. The pilot of the War Nizam assumed command also of the Stella. Passing signals were exchanged between the steamships, by which it was agreed that they would pass each other port to port. The Stella and the War Nizam had been brought practically to a standstill some time before the collision occurred, for the purpose of enabling the Bostwick to pass safely. The Bostwick passed the Stella without difficulty, but her stern came into collision with the War Nizam.

Appellant contends that the tug was negligent in entering the canal before the Bostwick had proceeded beyond the turning basin at its head; but the pilot of the War Nizam testified that he was responsible for not waiting, and that he would have proceeded down the canal with the War Nizam, with the assistance of another tug, if the Stella had refused to obey his orders. The question presented is whether the Stella is liable for obeying the orders of the War Nizam.

We are of opinion that she is not, and that the decree of the court below is correct. There is no principle of law which forbids a tug to subject itself to the orders of the steamship, whose movements it is merely assisting. That the tug is not liable under such circumstances is clearly established by the following cases: Sturgis v. Boyer, 24 How. 110, 16 L. Ed. 591; The Connecticut, 103 U. S. 710, 26 L. Ed. 467; The Edgar Baxter, Fed. Cas. No. 4,278; In re Walsh, 136 Fed. 557, 69 C. C. A. 267.

In The Connecticut, supra, the steamer was assisted in a towing operation by the tug Stevens. In exonerating the tug, the Supreme Court said, speaking through Chief Justice Waite:

"So far as the Stevens is concerned, she was clearly not to blame. She was the mere servant of the Connecticut, and could exercise no will of her own. She was bound to obey orders from the Connecticut, and no part of the responsibility of the navigation, so far as the approaching vessel was concerned, was on her. It was not her duty to signal the movements of the Connecticut, under whose exclusive control she was. The Connecticut is alone responsible for the consequences of her own faults."

. To sustain liability upon the part of the Stella, appellant relies principally upon The Civilta, 103 U. S. 699, 26 L. Ed. 599, and The Procida (D. C.) 243 Fed. 251. The cases of The Civilta and The Connecticut were decided during the same term, and at about the same time. There is no conflict between them. In the opinion in the case of The Civilta, which was also by Chief Justice Waite, it is stated:

"The tug furnished the motive power for herself and the ship. Both vessels were under the general orders of the pilot on the ship, but it is expressly found as a fact that the tug actually received no orders from him."

Both tug and tow were held liable. In The Procida it was held that a tug has no right to obey improper orders, and is liable in tort if it does so. The decision in that case was by District Judge Learned Hand. In the later case of The Beaverton (D. C.) 273 Fed. 539, the same judge held that the rule laid down by him in the Procida Case does not apply when the tugs are operating under the orders of the ship, and said:

"I cannot see that this is in any sense involved in the rule of The Anthracite and The Procida; but, if it be, I can only say that the rule is not to be followed with consistency. Such a rule would be totally impracticable in practice. Ships are not to be required to take their tugs into preliminary council of deliberation."

Inasmuch as what we have said disposes of the case, it is unnecessary to consider the other assignments of error, or whether the War Nizam was negligent.

The decree is affirmed.