## PANAMA RAILROAD COMPANY v. VASQUEZ, ADMINISTRATOR, ETC.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 260. Argued January 13, 1926.—Decided June 7, 1926.

1. The clause in Jud. Code, §§ 24, 256, relating to causes arising under the maritime law and " saving to suitors in all cases the right to a common-law remedy where the common law is competent to give it," is not limited to rights recognized by the maritime law as existing in 1789 when the clause was first adopted, but includes rights brought into that law by subsequent legislation, if of a kind to be readily enforced in actions *in personam* in the course of the common law. P. 560.

2. State courts have jurisdiction concurrently with federal courts in actions brought by seamen under § 20 of the Seamen's Act, as amended by the Merchant Marine Act of 1920, to recover damages for personal injuries. P. 561.

3. In providing that " Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located," the Act regulates venue and does not deal with jurisdiction as between state and federal courts. *Id.*

239 N. Y. 590, affirmed.

CERTIORARI to a judgment of the Supreme Court of New York, entered on affirmance by the Court of Appeals, awarding damages against the Railroad Company, in an action for negligence resulting in the death of plaintiff's intestate while employed as a seaman on defendant's ship.

*Mr. Richard Reid Rogers* for petitioner.

The action is maritime in its nature, and there now exists under the laws of New York no concurrent jurisdiction in the state courts to recover damages for the death of a seaman occurring in maritime territory; the jurisdiction of the United States courts, therefore, under the Constitution, the statutory law and the decisions of this Court, is exclusive. *Knapp, Stout & Co.* v. *McCaffrey*, 177 U. S. 638; *The Moses Taylor*, 4 Wall. 411; *Martin* v. *Hunter's Lessee*, 1 Wheat. 304; *Claflin* v. *Houseman*, 93 U. S. 130; *Stevenson* v. *Fain*, 195 U. S. 167; *Farrell* v. *Waterman S. S. Co.*, 291 Fed. 604; *Butler* v. *Boston Steamboat Co.*, 130 U. S. 527; *Sou. Pac. Co.* v. *Jensen*, 244 U. S. 205; *The Hine* v. *Trevor*, 4 Wall. 555; *Taylor* v. *Carryl*, 20 How. 583; *Moran* v. *Sturges*, 154 U. S. 256; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Waring* v. *Clarke*, 4 How. 450; *The Harrisburg*, 119 U. S. 204; *The Alaska*, 130 U. S. 201; *La Bourgogne*, 210 U. S. 95; *Western Fuel Co.* v. *Garcia*, 257 U. S. 233; *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U. S. 109; *The Hamilton*, 207 U. S. 398;

Even if the first proposition be not true, Congress, legislating within its constitutional powers, has now for the first time created a liability upon the part of a shipowner for the death of a seaman in navigable waters occurring within the geographical limits of a State, and has in the Act creating this liability provided a special remedy for its enforcement—that is to say, an action in the United States court of the district wherein the defendant resides or has a principal place of business; which remedy, to wit, an

action in a federal court, is the only one by. which the new right thus created can be enforced.

. *Mr. Martin A. Schenck,* with whom *Mr. Frederick R. Graves* was on the brief, for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This was an action by the personal representative of a deceased seaman against the owner of the ship whereon he was serving at the time of his death to recover damages for the death on the ground that it was caused by the owner's negligence in providing an unfit lighting appliance to be used by him in his work. The right of action was based on § 20 of the Seamen's Act of 1915, c. 153, 38 Stat. 1164, as amended by § 33 of the Merchant Marine Act of 1920, c. 250, 41 Stat. 988. A judgment for the plaintiff was affirmed by the highest court of the State; and the defendant brings the case here.

The sole question presented is whether state courts may entertain such actions, the defendant's contention being that they are cognizable only in the federal district courts.

Amended § 20,* as heretofore construed, changes the prior maritime law of the United States by giving to seamen injured through the negligence of their employers,

---

* "Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

and to their personal representatives where the injuries result in death, the rights given to railway employees and their personal representatives by the Employers' Liability Act of 1908 and its amendments. *Panama R. R. Co. v. Johnson,* 264 U. S. 375. And the procedural provisions therein have been construed—when read in connection with §§ 24 (third) and 256 (third) of the Judicial Code, and in the light of constitutional rules respecting admiralty and maritime jurisdiction—to mean that the new substantive rights may be asserted and enforced either in actions *in personam* against the employers in courts administering common-law remedies, with a right of trial by jury, or in suits in admiralty in courts administering remedies in admiralty, without trial by jury; but always taking the changed maritime law as the basis and measure of the rights asserted. *Panama R. R. Co. v. Johnson, supra.*

The sections of the Judicial Code just cited, while investing the federal district courts with jurisdiction " exclusive of the courts of the several States " of all " civil causes of admiralty and maritime jurisdiction," contain an excepting clause expressly " saving to suitors in all cases the right to a common-law remedy where the common law is competent to give it." This clause is a continuation of a like clause in the Judiciary Act of 1789 and always has been construed as permitting substantive rights under the maritime law to recover money for service rendered, or as damages for tortious injuries, to be asserted and enforced in actions *in personam* according to the course of the common law. *Chelentis v. Luckenbach Steamship Co.,* 247 U. S. 372, 384; *Panama R. R. Co. v. Johnson, supra,* pp. 388, 390. And it uniformly has been regarded as permitting such actions to be brought in either the federal courts or the state courts, as the possessor of the right may elect. *Leon v. Galceran,* 11 Wall. 185, 188; *Schoonmaker v. Gilmore,* 102 U. S. 118; *Chappell v.*

*Bradshaw,* 128 U. S. 132, 134; *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255; *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109, 123.

In so saying, we must be understood as fully recognizing what often has been held in other cases—that the saving clause does not include suits *in rem* or other forms of proceeding unknown to the common law. *The Moses Taylor,* 4 Wall. 411, 431; *The Hine* v. *Trevor,* 4 Wall. 555, 571; *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, 218. But an action *in personam* to recover damages for tort is one of the most familiar of the common-law remedies; and it is such a remedy at law that is contemplated by amended § 20 of the Seamen's Act and invoked in this case.

The defendant insists that the saving clause refers only to rights recognized by the maritime law as existing in 1789, when the clause first was adopted, and therefore does not include rights brought into the maritime law by subsequent legislative changes. We think the clause has a broader meaning, looks to the future as well as the past and includes new as well as old rights, if only they are such as readily admit of assertion and enforcement in actions *in personam* according to the course of the common law. This is the view that was taken in *Steamboat Company* v. *Chase,* 16 Wall. 522, 533.

The defendant also points to the provision in amended § 20 saying, " Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located," and argues therefrom that Congress has manifested a purpose to restrict the enforcement of the newly given rights to the federal district courts. The provision is not aptly worded to express that purpose, and taken alone is confusing. We think it falls short of that certainty which naturally would be manifested in making an intended departure from the long-prevailing policy evidenced by

the saving clause in the Judiciary Act of 1789 and in the
two sections of the Judicial Code, and that the more
reasonable view is that it is intended to regulate venue
and not to deal with jurisdiction as between federal and
state courts. *Panama R. R. Co. v. Johnson, supra,* pp.
384, 391; *Re East River Co.,* 266 U. S. 355, 368; *Engel
v. Davenport, ante,* p. 33.

We well might have rested our decision here on the
conclusion reached in *Engel v. Davenport,* where we said,
" It is clear that the state courts have jurisdiction, con-
currently with the federal courts, to enforce the right
of action established by the Merchant Marine Act as a
part of the maritime law." But out of deference to the
elaborate presentation of the question in this case we have
stated and dealt with the several points advanced as
making for a different conclusion.

*Judgment affirmed.*