## THE PRESIDENT MADISON.

(District Court, W. D. Washington, N. D. December 21, 1926.)

### No. 11074.

1. Seamen ⇐⇒29(1)—Washington statute, giving seaman lien against vessel for injuries, does not extend to representative of decedent for wrongful death.

Washington statute, giving lien against vessel for injuries to seaman, does not extend to representative of decedent for wrongful death.

2. Seamen ⇐⇒29(1)—Washington statute does not allow seaman to impress lien against ship for injuries due to negligence of master or crew.

Seaman cannot impress lien against vessel for personal injury due to negligence of master of ship or members of crew, under Washington statute giving lien for injuries.

3. Seamen ⇐⇒29(1)—Seaman's administrator cannot recover in rem against ship for death caused by negligence of master and officers in placing portable gang plank (Merchant Marine Act 1920, § 33 [Comp. St. § 8337a]; Judicial Code, §§ 24, 256 [Comp. St. §§ 991, 1233]).

Administrator of deceased seaman cannot recover in action in rem against ship for his death, which was caused by negligence of master and officers of ship in placing portable gang plank, notwithstanding Merchant Marine Act 1920, § 33 (Comp. St. § 8337a), and Judicial Code, §§ 24, 256 (Comp. St. §§ 991, 1233).

In Admiralty. Libel in rem by Peter B. Gill, as administrator of the estate of and personal representative of Allan McLachlan Riddell, deceased, against the steamship President Madison, her engines, tackle, apparel, and furniture. On exception to libel. Exception sustained.

This is an action in rem. It is alleged in substance that on December 1, 1924, Riddell was employed as a seaman on board the respondent ship; that on said day he received injuries, without fault on his part, through the negligence of the master and officers of the respondent ship, from which injuries he died on the following 12th day of December; that he was a bachelor, and his mother was dependent upon him for support; that the libelant was duly appointed by the superior court of King county, Wash., as administrator of the estate of the deceased seaman, and duly qualified and is acting, and brings this action as such administrator, and alleges in substance that on December 1, and the early hours of December 2, 1924, the respondent ship lay afloat at a wharf in the waters of Elliott Bay, port of Seattle, moored from 10 to 15 feet from the edge of the wharf; that "a portable gangplank or gangway had been placed alongside the ship

in a position ranging fore and aft with the ship; * * *" that during the evening of December 1 it was "hoisted up," and at the time of the injury of the seaman the gangway "was in a position of an inclined plane ranging fore and aft along the ship's side but was so nearly horizontal that the stairs or steps in said gangway were upturned, leaving the said steps in an upturned and nearly vertical position"; that the gangway alongside the ship was attached to the ship and a part thereof, connected with the shore and wharf by planks; that at the time of the injury one end of the plank rested on the wharf, and the other upon the gangway alongside of the ship; that the end of the plank at the gangway and ship was much higher than the end which rested on the wharf; that the ship was "listed over"; that the plank did not rest securely or safely upon the gangway; that no life lines, guard ropes, hand rails, railings, or life ropes were provided for the gangway and gangplank; that the entrance at the gangway was poorly and insufficiently lighted, and the place upon the wharf and gangway which the master and officers of the ship had provided for the ship's crew to enter on board the boat was insufficiently lighted, and the absence of light was a contributing cause to the dangerous condition of the gangplank and gangway; and that the condition of the gangway and plank was not readily apparent from the wharf "before entering the ship," and that the deceased did not know of such dangerous condition, and did not appreciate the same "as he walked upon said gangway to enter the ship." It is then alleged that deceased went upon the wharf to the ship's gangway, walked upon and over the plank, and, while stepping upon the gangway, slipped to the water below, and received injuries from which he thereafter died.

Exception is filed by the claimant that no cause of action in rem is stated.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for libelant.

Thos. P. Revelle, U. S. Dist. Atty., and Chas. E. Allen, both of Seattle, Wash., for claimant.

NETERER, District Judge (after stating the facts as above). [1-3] The Washington statute, giving a lien for injuries committed to person, does not extend to the representative of decedent for wrongful death (The Alaska [D. C.] 225 F. 645), nor could the seaman impress a lien for personal injury for the negligence of the master or

members of the crew. The damage was not done by the ship, but by a portable "gang-plank" or "gangway" wrongfully placed by the master and officers of the ship. See The Osceola, 189 U. S. 158, at pages 176, 177, 23 S. Ct. 483, 47 L. Ed. 760. Justice Brown, for the court, at page 172 (23 S. Ct. 485) in the Osceola, supra, said:

"The statutes of the United States contain no provision upon the subject of the liability of the ship or her owners for damages occasioned by the negligence of the captain to a member of the crew; but in all but a few of the more recent cases the analogies of the English and Continental codes have been followed, and the recovery limited to the wages and expenses of maintenance and cure."

The contention that section 33 of the Marine Act, 1920 (Comp. St. § 8337a), is a survival statute that includes suits in rem cannot obtain. The saving clause of section 24 and section 256, Judicial Code (Comp. St. §§ 991, 1233), does not include suits in rem. The Moses Taylor, 71 U. S. (4 Wall.) 411, 18 L. Ed. 397; So. Pac. Co. v. Jensen, 244 U. S. 205, 218, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900.

In Panama Railroad Co. v. Vasquez, 271 U. S. 557, 46 S. Ct. 596, 70 L. Ed. 1085, June 7, 1926, Justice Van Devanter for the court, said: " * * * An action in personam to recover damages for tort is one of the most familiar of the common-law remedies; and it is such a remedy at law that is contemplated by amended section 20 of the Seaman's Act. * * *" For full elucidation, see Panama Rd. Co. v. Vasquez, supra.

This being a libel in rem, we are not concerned with the relation of in personam actions in admiralty or at common law with relation to section 33 of the Merchant Marine Act, supra.

The exception is sustained.