### In re STATLER.

### THE MIRAMAR.

District Court, S. D. New York. January 22, 1929.

Silas B. Axtell, of New York City (Elizabeth Robinson, of New York City, of counsel), for claimants.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Charles R. Hickox, Vernon S. Jones, and Edwin S. Murphy, all of New York City, of counsel), for estate of E. M. Statler.

KNOX, District Judge. On the morning of November 30, 1926, the houseboat Miramar, en route from New York to Palm

Beach, Fla., left Charleston, S. C. Passing out of the harbor, she was hailed by another pleasure craft, but from that time to the present she has not been seen nor heard from. There can be no doubt but that the vessel perished somewhere along the coast.

Shortly after the Miramar was given up as lost, several suits at law were begun, in various courts, by representatives of officers and men whose lives were lost in the disaster, against E. M. Statler, who owned the vessel. These suits were founded on the provisions of the Seamen's Act of March 4, 1915, § 20, as amended June 5, 1920 (46 USCA § 688), which give a right of action to the representatives of a deceased seaman whose death has resulted from negligence on the part of his employer. Of the litigations thus instituted, one was filed in the law side of this court, three were started in the Supreme Court for Kings county, another was begun in the Supreme Court for Queens county, and a sixth in the same court for New York county.

The suit in this court was within a few days of being reached for trial, when, on February 15, 1928, the said Statler presented a petition in the admiralty, in which he prayed for an exoneration and/or a limitation of his liability, under the terms of sections 4283, 4284, and 4285 of the Revised Statutes (46 USCA §§ 183–185), and asked that the several suits theretofore begun against him be stayed. The stay being granted, the several plaintiffs in the law actions answered the petition, denying such allegations as tended to bring the petitioner within the protection of the statutes, and affirmatively charging that the Miramar, in various respects, was unseaworthy. They also filed claims for damages for the deaths of their respective decedents.

On March 19, 1928, the court entered upon the trial of the issues presented by the pleadings. The hearing of witnesses was concluded on March 22, and counsel were afforded two weeks' time within which to brief the case. Before the expiration of that period, one or more of the claimants moved for leave to take further proof, and a hearing upon such application was set for April 18th. Before that date, however, Mr. Statler was taken ill and died. His estate is now in process of administration.

On October 19, 1928, claimants moved for an order "directing that a citation issue against the said estate of E. M. Statler, deceased, or such other person as may be designated by the court, directing them and/or each of them to appear as petitioner in this proceeding, in the name, place and stead of the said E. M. Statler, deceased, and that they and/or each of them do all and singular the things required of the petitioner, and that this court will be pleased to decree that the petition herein for limitation and exemption from liability be denied, and for such other and further relief as to this court may seem just and proper."

In opposition to this motion, the proctors who represented Statler in the previous proceeding appeared specially and asked that the court hold the several claims to have been abated by petitioner's death, and to deny the motion for a revivor. The delay in a decision on the motion has been due to the failure of counsel to file briefs upon the questions involved, as the court was informed would be done. The briefs were finally submitted; the last one on January 19, 1929.

Before entering upon a discussion of the merits of the motion, it should be observed that the limitation petition declared that Statler's "interest in the Miramar is nothing," and that "there was not any freight pending at the time the vessel was lost." In view of these allegations, which are fully sustained by the evidence, no stipulation for value was filed in the limitation proceedings. There is, therefore, no res which, under any circumstances, can be distributed among the claimants.

Upon the foregoing facts, the court is confronted with the question as to whether claimants, assuming decedent's privity in the alleged unseaworthiness of the Miramar, can recover damages from his estate. A proceeding for the limitation of the liability of a shipowner is nothing less than the administration of equity in an admiralty court. Dowdell v. United States District Court (C. C. A.) 139 F. 444, 445, and "partakes in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill." Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U. S. 207, 216, 47 S. Ct. 357, 359, 71 L. Ed. 612. The case last mentioned also states that, in a limitation proceeding, the jurisdiction of the admiralty court attaches in rem and in personam by reason of the custody of the res which the petitioner put into its hands. As previously stated, the court, in this instance, has no res in its possession. It had jurisdiction, however, to impose personal liability upon petitioner, provided the same had been found and fixed prior to his decease.

When the deceased petitioner elected to resort to a proceeding for the limitation of his liability, if any, the result of such action was to bring the claims that were asserted against him within the jurisdiction of the court, and to subject them to the application of the law that is here administered. The same law, I think, and particularly since the claims are based on a federal statute, should determine the question as to whether they now stand abated. A part of such law is to be found in section 955 of the Revised Statutes (28 USCA § 778) which provides that, "when either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any suit to final judgment."

In order to ascertain if the statute covers the instant claims, it is necessary to consider their basic quality. As asserted in the law actions, they undoubtedly sounded in tort, and there was no change in their nature when they were brought here for determination. From this standpoint, it is, I believe, of no consequence that such determination would have taken place, but for Statler's death, in a proceeding that is equitable in character. Nor is the result to be different because of the possibility that one or more of the law actions might have gone to judgment against Statler prior to the date of his demise. The frustration of such possibility is but an incident of a procedure which petitioner was at liberty to adopt, and if, on this occasion, the result has been unfortunate, the mere happening of the occurrence is not accompanied by a remedy.

 The right of the representatives of the deceased seaman to claim damages for their deaths is original, and not derivative (Michigan Central R. R. v. Vreeland, 227 U. S. 59, 68, 70, 33 S. Ct. 192, 57 L. Ed. 417), and, as here asserted, came into existence merely as a result of the provisions of section 20 of the Seamen's Act, as amended (46 USCA § 688). That statute, in terms at least, does not indicate that, aside from the specific exceptions with which it deals, the causes of action which it authorizes shall be measured or characterized by any standard other than that of the common law. See Willey v. Alaska Packers Association (D. C.) 9 F. (2d) 937; Sullivan v. Associated Billposters (C. C. A.) 6 F. (2d) 1000–1004, 42 A. L. R. 503.

Under the common law, it is familiar

doctrine that an ex delicto action abates upon the death of the party charged with wrong and cannot be revived against his representatives. 1 Corpus Juris, 163. See Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25, and Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635.

There being no reasonable theory upon which it can be held that this proceeding should be revived through the entry of the representatives of the petitioner, the motion of claimants directed to that end will be denied. Furthermore, as there is no res within the possession of the court, as was the fact in Hartford Accident & Indemnity Co. v. Southern Pacific Co., supra, there is no relief that may be afforded to the parties.

For that reason, the matter will not be determined upon its merits, and the clerk will be instructed to mark the proceeding as abated on his dockets.