## PEDERSEN v. UNITED STATES.

District Court, S. D. New York.
March 23, 1936.

Lucien V. Axtell and Silas B. Axtell, both of New York City, for libelant.

F. W. H. Adams and Charles E. Wythe, both of New York City, for the United States.

BONDY, District Judge.

On December 24, 1932, at the Manhattan end of the Ellis Island Ferry, the libelant transferred a load of broadcasting equipment from his autotruck to three hand trucks and wheeled them onto the ferryboat, Ellis Island, owned and operated by the respondent, to carry passengers and cargo, but not motortrucks, between Manhattan and Ellis Island.

When the vessel arrived at Ellis Island she was made fast to a bridge the outshore end of which rose and fell with the tide. The tide was low and the bridge sloped downward with its end resting six to eight inches below the deck of the Ellis Island. Some witnesses asserted and others denied that the bridge was in close contact with the vessel.

The libelant testified that after all passengers, about 80 in number, had left the Ellis Island, he grasped the handles of one of the hand trucks and walked fast to gain sufficient momentum to carry the load up the sloping bridge. When he came to within about 8 feet of the bow, he first saw the drop and, believing he could not safely carry the load from the boat to the bridge, he tried to stop the truck by turning slightly to one side. As he did so the boat lurched and he lost his balance and fell, and one wheel of the truck dropped to the bridge while the other remained on the boat. As the truck fell one of the handle bars struck and seriously injured his right kneecap.

The libelant's son-in-law testified that he was following the libelant with another truck and that when he saw him fall, he brought his own truck to a stop. He testified that part of the libelant's truck rested on the bridge and part on the boat, and that libelant's body rested partly on the bridge and partly on the boat. He, however, did not remember that the boat had lurched.

An employee of the National Broadcasting Company, who handled another one of the three trucks, corroborated the story of the libelant and his son-in-law. He appears to be entirely disinterested.

All three testified that a wedge was kept on the bridge to be used when there was a drop to the bridge, but that no wedge had been in place at the time of the accident and that it had been put in place for the other two trucks after the accident.

The captain of the Ellis Island testified that he saw the wedge in place when landing, and that he heard the rumbling of a truck going fast and saw the libelant pulling and two men pushing it. He said that both wheels of the truck were on the bridge when libelant fell, and that libelant's body rested on the bridge with no part thereof on the boat. He said the weather was calm and that there was not any lurch of the boat or sidewise turn of the truck, which could be brought to an almost immediate stop by releasing the hold on the handles.

A deckhand, who did not see libelant fall, said he saw one man pulling and two pushing the truck fast. He also testified that the wedge was in place and that libelant's body rested on the bridge.

Jurisdiction against the United States is predicated upon 46 U.S.C. § 781 (46 U.S.C.A. § 781), which provides that an action may be maintained against the United States "for damages caused by a public vessel of the United States."

This language and similar language has been construed to mean damage inflicted by the vessel or its appurtenances, which would not include any negligence with reference to the bridge or the wedge which were appurtenances of the dock and not the ship. See O'Neal v. United States (D.C.) 11 F.(2d) 869, 870, affirmed (C.C.A.) 11 F.(2d) 871; The Osceola, 189 U.S. 158, 176, 23 S.Ct. 483, 47 L.Ed. 760; The President Madison (D.C.) 17 F.(2d) 526; The Imperator (C.C.A.) 288 F. 372.

If any damage was done by the ship, it must have been due to the lurch which the libelant asserts caused him to trip. However, there is no proof to sustain the charge that the vessel was "not fastened securely enough to prevent roll-

ing and pitching of the ferry caused by back wash of passing vessels," and no proof that the lurch, if any, was due to the respondent's negligence or fault. The libelant therefore cannot recover.