## FRAME v. CITY OF NEW YORK.

District Court, S. D. New York.
June 5, 1940.

Herbert J. DeVarco, of New York City, for plaintiff.

William C. Chanler and Alfred T. White, both of New York City, for defendant.

BONDY, District Judge.

The defendant moves to dismiss the complaint on the ground that it fails to allege facts sufficient to constitute a cause of action and also for judgment upon the pleadings and a stipulation of facts.

The complaint sets forth two causes of action. The first is an action under the Jones Act, 46 U.S. Code section 688, 46 U.S.C.A. § 688. It is alleged that the plaintiff was employed by the defendant as a quartermaster upon various ferryboats owned and operated by defendant; that on or about January 22, 1937, while plaintiff was engaged in the performance of his duties and acting under orders, he fell down a stairway leading from the pilot house to the top deck of the defendant's ferryboat "President Roosevelt", and sustained injuries due solely to the negligence of the defendant. The second cause of action is for maintenance and cure.

The defendant contends that the complaint is insufficient because it does not allege facts showing compliance with the provisions of New York Laws of 1933, chapter 484, and section 261 of the Greater New York Charter, as amended by New York Laws of 1912, chapter 452. The former provides that no action against a city having 50,000 inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of the city or of any agent thereof, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of intention to commence such action and of the time and place at which the injuries were received, shall have been served upon the counsel to the corporation, and an additional copy of such notice of intention served upon the comptroller of the corporation, within six months after such cause of action shall have accrued. The charter provides that no action, for any cause whatever, shall be prosecuted or maintained against the City of New York, unless it shall appear from the complaint or moving papers that at least thirty days have elapsed since the demand or claim upon which the action is founded, was presented to the comptroller of the city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. It has been stipulated by the attorney for the plaintiff that the plaintiff has not complied with any of these provisions.

The only question presented is whether these statutory requirements are applicable herein. If so, the motion must be granted. Winter v. City of Niagara Falls, 190 N.Y.

198, 82 N.E. 1101, 123 Am.St.Rep. 540, 13 Ann.Cas. 486; Casey v. City of New York, 217 N.Y. 192, 111 N.E. 764; Russo v. City of New York, 258 N.Y. 344, 179 N.E. 762.

■ The applicability of these provisions of the New York law must be determined in the light of the established principle that while limited changes and modifications in the maritime law may be made by state legislation (Workman v. New York, 179 U.S. 552, 562, 563, 21 S.Ct. 212, 45 L.Ed. 314; Southern Pacific Co. v. Jensen, 244 U.S. 205, 216, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann.Cas. 1917E, 900; Western Fuel Co. v. Garcia, 257 U.S. 233, 241, 242, 42 S.Ct. 89, 66 L. Ed. 210; Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 477, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008), such legislation may not validly contravene the essential purpose expressed by an act of Congress, nor work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations. Workman v. New York, supra; Southern Pacific Co. v. Jensen, supra; Union Fish Co. v. Erickson, 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261; Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834, 11 A.L.R. 1145; Washington v. W. C. Dawson & Co., 264 U.S. 219, 44 S.Ct. 302, 68 L.Ed. 646; London Guarantee & Accident Co., Ltd. v. Industrial Commission, 279 U.S. 109, 49 S.Ct. 296, 73 L.Ed. 632; Nogueira v. New York, N.H. & H.R.Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754.

■ It is immaterial in this regard that municipal liability in tort in New York generally is a matter within the control of the state legislature, and that when it declares upon what such liability shall be predicated, the statutory provisions ordinarily are controlling. Ponsrok v. City of Yonkers, 254 N.Y. 91, 93, 171 N.E. 917; Thomann v. City of Rochester, 256 N.Y. 165, 176 N.E. 129. The local rules respecting municipal liability in tort may be overridden "by the law of the sea." Workman v. New York, supra; United States v. Port of Portland, 9 Cir., 300 F. 724; see United States v. City of New York, 2 Cir., 82 F.2d 242, 243. Cf. Kuhn v. P. J. Carlin Const. Co., 274 N.Y. 118, 129, 130, 8 N.E.2d 300; Chaconis v. City of New York, 257 App. Div. 885, 12 N.Y.S.2d 129.

■ In Lindgren v. United States, 281 U.S. 38, 46, 50 S.Ct. 207, 211, 74 L.Ed. 686, the court concluded that the Jones Act, "adopted by Congress in the exercise of its paramount authority in reference to the maritime law and incorporating in that law the provisions of the Federal Employers' Liability Act—establishes as a modification of the prior maritime law a rule of general application in reference to the liability of the owners of vessels for injuries to seamen extending territorially as far as Congress can make it go; that this operates uniformly within all of the States * * *; and that as it covers the entire field of liability for injuries to seamen, it is paramount and exclusive, and supersedes the operation of all state statutes dealing with that subject." See also Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748. The new substantive rights may be "asserted and enforced in actions in personam against the employers in federal or state courts administering common-law remedies, with the right of trial by jury, or in suits in admiralty in courts administering maritime remedies, without trial by jury." Pacific Steamship Co. v. Peterson, 278 U.S. 130, 134, 49 S.Ct. 75, 76, 73 L.Ed. 220. The changed maritime law is always "the basis and measure of the rights asserted." Panama R. R. Co. v. Vasquez, 271 U.S. 557, 560, 46 S.Ct. 596, 597, 70 L.Ed. 1085. See Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.Ed. 927.

■■ The provisions of the New York law prohibiting the maintenance of an action against the city unless a notice of intention to sue is served upon the corporation counsel and the comptroller within six months after the accrual of the cause of action and unless the action is commenced within one year after the accrual of the cause of action, are in conflict with the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., incorporated by reference in the Jones Act, and construed by the Supreme Court as necessarily implying that an action thereunder may be maintained, "as a substantive right," if commenced within two years from the day the cause of action accrued. Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813. The remaining requirement that a claim for adjustment be presented to the comptroller of the city be-

fore the commencement of any action against the city is also inconsistent with the uniform operation of the maritime law within all the states, which can not be deflected or impaired by state statutes. Cf. Rodgers & Hagerty, Inc., v. City of New York, 2 Cir., 285 F. 362, certiorari denied 261 U.S. 621, 43 S.Ct. 432, 67 L. Ed. 831; Workman v. New York, supra; Southern Pacific Co. v. Jensen, supra; Union Fish Co. v. Erickson, supra; Robins Dry Dock & Repair Co. v. Dahl, 266 U.S. 449, 45 S.Ct. 157, 69 L.Ed. 372; Lindgren v. United States, supra; In re Highland Navigation Corporation, D.C., 24 F.2d 582, affirmed, 2 Cir., 29 F.2d 37; The Thielbek, 9 Cir., 241 F. 209, certiorari denied Port of Portland v. Wilhelmsen, 245 U.S. 661, 38 S.Ct. 61, 62 L.Ed. 536.

The statutory requirements relied upon by the defendant are also inconsistent with the uniform operation of the maritime law in so far as the action for maintenance and cure is concerned. The right of a seaman against his employer for maintenance and cure is implied in law as a contractual obligation arising out of the nature of the employment and is founded upon the general maritime law. Pacific Steamship Co. v. Peterson, supra; Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368. The constitutional requirement of uniformity obtains even though the right of action is not statutory in origin. Workman v. New York, supra; Southern Pacific Co. v. Jensen, supra.

There are no statutes of limitations in admiralty, the doctrine of laches being applied in lieu thereof. A state statute of limitations applicable to a similar injury on land, however, may by analogy furnish a suitable yardstick to determine what constitutes laches. Hughes v. Roosevelt, 2 Cir., 107 F.2d 901. Even assuming that the requirement that an action against the city be commenced within one year after the accrual of the cause of action may be considered the applicable state statute of limitations for this purpose with respect to the action for maintenance and cure (see, however, Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551, 553), the defendant's obligation to furnish maintenance and cure, so far as here appears, is still in existence, since the obligation does not cease upon the termination of the voyage. Calmar Steamship

Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993.

The defendant's motion accordingly is denied.