## NORDQUIST v. UNITED STATES TRUST CO. OF NEW YORK.

### No. 237, Docket 21973.

United States Court of Appeals Second Circuit.

Argued April 5, 1951.

Decided May 7, 1951.

George J. Engelman, New York City, for plaintiff-appellant.

Bigham, Englar, Jones & Houston, New York City, John L. Quinlan, New York City, of counsel, for defendants-appellees.

Before L. HAND, Chief Judge, and AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Plaintiff's intestate was drowned in June, 1947, while in the employ of one Clucas as a seaman aboard the latter's yacht. Clucas died in February 1948, and plaintiff subsequently brought this action under the Jones Act, 46 U.S.C.A. § 688, against the executors of Clucas. The defendants' motion to dismiss for failure to state a claim upon which relief might be founded was granted by Noonan, J., on the authority of our decision in The Miramar, D.C., 31 F.2d 767, affirmed without opinion 2 Cir., 36 F.2d 1021, certiorari denied 281 U.S. 752, 50 S.Ct. 355, 74 L.Ed. 1163. There, on facts similar to those in the case at bar, the district court held that in admiralty, as at common law, a cause of action for wrongful death abated with the death of the tort-feasor in the absence of some survival statute. There being no specific survival provision in the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, which the Jones Act made applicable to seamen, the trial court dismissed the action.

The rule that suits *ex delicto* brought in admiralty abated with the death of the tort-feasor was before the Supreme Court in Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903. There Chief Justice Hughes, writing the opinion of the court said in a footnote at page 387 of 312 U.S., at page 691 of 61 S.Ct. that: "The rule of the non-survival of a cause of action against a deceased tort-feasor has but a slender basis in admiralty cases in this country." But the decision in Just v. Chambers went on the ground that a statute of the State of Florida, within whose territorial waters the accident happened, preserved the plaintiff's cause of action against the deceased tort-feasor for negligent injury, since the Florida act was not inconsistent with the general principles of the maritime law. The Supreme Court accordingly permitted recovery in admiralty. We do not think that the dictum quoted from the footnote of Chief Justice Hughes can be taken to have reversed the unbroken, though slender line of authority which he cited to the effect that such suits do not survive under the maritime law where it is not modified by some statute. Therefore, until

the Supreme Court should rule to the contrary it would seem that suits brought in admiralty to recover for wrongful death would abate as at common law in the absence of a survivorship statute. Because of what we have come to believe was an implied survivorship provision in the Jones Act we are convinced that our decision in The Miramar, supra, in so far as it construed that Act as not altering the above rule should not be followed, although it must be conceded that survival of actions against the estate of a deceased tort-feasor causing wrongful death are not specifically provided for therein. The Act provides that " * * * all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *." [46 U.S.C.A. § 688] to actions brought under it. The Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, made applicable to seamen by the Jones Act provides for survival in all cases arising under it. Section 59 covered the situation where the injured party died, and § 57, while not in terms providing for survival defines a "common carrier" subject to suit as including "receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier." That definition was sufficient to prevent the abatement of any death action arising out of the operation of a railroad since railroads are continued in operation despite such corporate disasters as bankruptcy and receivership which are analogous to the death of an individual. Failure to imply a survivorship provision in the Jones Act in such a situation as the one before us does violence to the expressed policy of that Act by depriving seamen of any remedy where the tort-feasor has died, whereas a railroad employee would not be under the same disability because the exact situation could not arise since the railroad corporation would survive in some guise that would be subject to suit.

Were such a situation presented with any frequency we might be constrained to leave its correction to the Congress for if there could be any fair doubt that the omission of a survival proviso was

intentional, it would be beyond our power to supply it. But this appears to be only the third litigated case where survivorship against the estate of the tort-feasor has been asserted and recovery was allowed under a state statute in one of the preceding two, Just v. Chambers, supra. Where the frustration of the clear purposes of the Act is so patently the result of a failure to foresee the consequences of a seldom recurring situation, the courts in this strictly limited sphere have never been inclined to let the plaintiff go remediless. E. g., Cabell v. Markham, 2 Cir., 148 F.2d 737, affirmed 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165; Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 332, 59 S.Ct. 191, 83 L.Ed. 195; Rector etc. of Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226. We, therefore, read into the Jones Act the omitted survival proviso and remand the cause for a trial upon the merits.

Judgment reversed and cause remanded; no costs.