**ROTH v. COX et al.**
No. 14419.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1954.

Rehearing Denied Feb. 5, 1954.

Arthur Roth, in pro. per.

Monte K. Rassner, Miami, Fla., for appellant.

Douglas D. Batchelor, Smathers, Thompson, Maxwell & Dyer, Miami, Fla., David W. Dyer, Miami, Fla., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

BORAH, Circuit Judge.

On December 22, 1949, the motor vessel Wingate owned by Sid Cox and H. G. Farrington and others sailed from Matanzas, Cuba, and when off the coast and on the high seas foundered with complete loss of life, including H. C. Farrington, her master, and James Dean, a seaman. In January, 1951, Sid Cox died and thereafter, in the month of October, 1952, plaintiff, as administrator of the estate of James Dean, brought this action under the Jones Act, 46 U. S.C.A. § 688, against the administrators of the estate of Sid Cox and the distributees of the estate of H. C. Farrington. The defendants thereupon filed motions for summary judgment on the ground that plaintiff had not filed with the County Judge of Dade County, Florida—the court having jurisdiction of the probate proceedings in both the Cox and Farrington estates—his notices of claim within eight months from the respective

78

dates of the first publication of notices to creditors as required by F.S.A. § 733.-16.[1] The District Judge thought that the defendants were entitled to a judgment as a matter of law, by reason of plaintiff's admitted failure to comply with the notice of claim provision of the Florida probate act and he granted the motions and dismissed the action.

Appealing from this order plaintiff-appellant contends that the statute in question is a statute of limitation; that its requirements with respect to the filing of a claim within eight months are inconsistent with and impair the uniform operation of the maritime law and accordingly are not applicable to a suit under the Jones Act which provides a limitation of three years. The appellees on the other hand insist that the Florida nonclaim statute while partaking of the nature of a statute of limitations is not solely such; that the statute was enacted as a part of the probate law not primarily for the purpose of barring state claims, but as a part of the procedure which courts must observe in the orderly, expeditious and exact settlement of estates of deceased persons; and that the statute does not disturb the uniformity of law in the maritime field and in no way encroaches upon the rights granted to plaintiff by the Jones Act.

■ The Jones Act, 46 U.S.C.A. § 688, provides that a seaman suffering injury "in the course of his employment may, at his election, maintain an action for damages at law, * * * and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law * * * and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable." The section is specifically drawn to give rights to employees against employers and against no others. It refers to injuries sustained in the course of "his" (seaman's) employment. It says that "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Title 45, U.S.C.A. § 51 also refers to actions between employer and employee. Thus, there is nothing in the Jones Act which grants to seamen a right to bring an action against anyone except his employer and as the Act does not in terms provide for survival of actions against the estate of the deceased tort-feasor we are unwilling as in Nordquist v. United States Trust Co. of New York, 2 Cir., 188 F.2d 776,[2] to supply what the Con-

---

1. Florida Statutes Annotated, § 733.16(1), provides:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and postoffice address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first pub-

lication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said eight months as aforesaid; * * *."

2. In this case the court expressly overruled its former opinion in The Miramar, D.C., 31 F.2d 767; affirmed without opinion 2 Cir., 36 F.2d 1021, certiorari de-

gress omitted by reading a survival proviso into the statute where no legislative intent therefor is discoverable. If the law is to be changed it ought to be by an Act of Congress.

In the absence of some specific provision as to the survivability of the causes of action which the statute authorizes the statute must be measured in the light of the common law rule of survival. By the ninth section of the Judiciary Act of 1789 the District Courts of the United States were given exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it". This provision was carried forward into the 1948 revision of the Judicial Code, 28 U.S.C.A. § 1333, and the language of the saving clause has been changed somewhat in phraseology though not in intent, as the reviser's note makes clear. In The Moses Taylor, 4 Wall. 411, 18 L.Ed. 397, the Court in determining whether the case before it was within the saving clause said: "That clause only saves to suitors, 'the right of a common-law remedy, where the common law is competent to give it.' It is not a remedy in the common-law courts which is saved, but a common-law remedy." The saving clause neither creates substantive rights in itself nor assents to their creation by the state. It refers only to remedies and to the extent specified permits continued enforcement by the state courts of rights and obligations founded on maritime law. Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834. Thus, in Chelentis v. Luckenbach S. S. Co., Inc., 247 U.S. 372, 384, 38 S.Ct. 501, 504, 62 L.Ed. 1171, it was said, "under the saving clause a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law; but we find nothing therein which re-

veals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law." It follows that state Legislatures are competent to enact survival statutes which may be enforced as a common-law remedy. While it may be true that admiralty may not enforce the remedy, even by libel in personam, yet it is not an encroachment on admiralty jurisdiction because it is excepted from that jurisdiction by the savings clause. Under the common law of Florida as modified by the statutes of the state a cause of action for a tort survives the death of the tort-feasor and may be maintained against his personal representative.[3]

This brings us to the question whether this suit brought on the common law side of the District Court to enforce a right of action granted by the Jones Act may be commenced within three years after the cause of action accrues, or whether the Florida statute of nonclaim fixing a shorter period of limitation will apply. Section 56 of the Employers' Liability Act[4] provides that "no action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." This provision which was incorporated by adoption in the Jones Act is one of substantive right, setting a limit to the existence of the obligation which the Act creates. Atlantic Coast Line R. R. v. Burnette, 239 U.S. 199, 201, 36 S.Ct. 75, 60 L.Ed. 226. And it necessarily implies that the action was maintainable as a substantive right, if commenced within three years. Referring to the Jones Act and its proper construction the Supreme Court in Panama R. R. Co. v. Johnson, 264 U.S. 375, 392, 44 S.Ct. 391, 396, 68 L.Ed. 748, said: "The statute extends territorially as far as Congress can make it go, and there is nothing in it to cause its opera-

---

nied 281 U.S. 752, 50 S.Ct. 355, 74 L. Ed. 1163.

3. Waller v. First Savings & Trust Co.,

1931, 103 Fla. 1025, 138 So. 780; F.S.A. § 45.11.

4. 45 U.S.C.A. § 56.

tion to be otherwise than uniform. The national legislation respecting injuries to railway employees engaged in interstate and foreign commerce which it adopts has a uniform operation, and neither is nor can be deflected therefrom by local statutes or local views of common-law rules. Second Employers' Liability Cases, [Mondou v. New York, N. H. & H. R. Co.] 223 U.S. 1, 51, 55, 32 S.Ct. 169, 56 L.Ed. 327; Baltimore & Ohio R. R. Co. v. Baugh, 149 U.S. 368, 378, 13 S.Ct. 914, 37 L.Ed. 772." In Engel v. Davenport, 271 U.S. 33, 39, 46 S.Ct. 410, 413, 70 L.Ed. 813, a suit founded on the Jones Act was brought in the state court and the contention there made was that § 6 of the Employers' Liability Act [5] does not determine the period of time within which an action may be commenced in the state court. In answering this contention the Court said: "We conclude that the provision of section 6 of the Employers' Liability Act relating to the time of commencing the action, is a material provision of the statutes 'modifying or extending the common law right or remedy in cases of personal injuries to railway employees' which was adopted by and incorporated in the Merchant Marine Act. And, as a provision affecting the substantive right created by Congress in the exercise of its paramount authority in reference to the maritime law, it must control in an action brought in a State court under the Merchant Marine Act, regardless of any statute of limitations of the State. See Arnson v. Murphy, 109 U.S. 238, 243, 3 S.Ct. 184, 27 L.Ed. 920." We take it to be now well settled that when a common law action is brought, whether in a federal or in a state court, to enforce a right peculiar to the law of admiralty, the substantive law to be applied is the same as would be applied by an admiralty court. Chelentis v. Luckenbach S. S. Co., Inc., supra; Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 42 S.Ct. 475, 66 L.Ed. 927; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Panama R. R. Co. v. Vas-

quez, 271 U.S. 557, 46 S.Ct. 596, 70 L. Ed. 1085; Lindgren v. United States, 281 U.S. 38, 46, 50 S.Ct. 207, 211, 74 L.Ed. 686; Garrett v. Moore-McCormack Co., Inc., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 249; Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

In Lindgren v. United States, supra [281 U.S. 38, 50 S.Ct. 211], the court made these pertinent observations in reference to the Jones Act. It "establishes as a modification of the prior maritime law a rule of general application in reference to the liability of the owners of vessels for injuries to seamen extending territorially as far as Congress can make it go; that this operates uniformly within all of the States * * *; and that, as it covers the entire field of liability for injuries to seamen, it is paramount and exclusive, and supersedes the operation of all state statutes dealing with that subject."

In the light of the authorities we hold that the provision of Section 56 of the Employers' Liability Act relating to the time of commencing the action is one of substantive right, setting a limit to the existence of the obligation, which the Act creates and it may not be deflected or impaired by the Florida nonclaim statute. Pope & Talbot v. Hawn, 74 S. Ct. 202; Frame v. City of New York, D.C., 34 F.Supp. 194; The West Point, D.C., 71 F.Supp. 206.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HUTCHESON, Chief Judge (dissenting).

I go along with the majority through page five of the opinion. I part company with them thereafter, and the reason I do is because the opinion, in dealing with the binding force of the three year period of limitation fixed in and by the Jones Act as to actions brought un-

5. This provision as amended was carried forward into 45 U.S.C.A. § 56.

der it assumes that the right of action sued on in this suit is afforded by that act, when the exact contrary of this is thus carefully pointed out earlier in the opinion. Saying, "Thus, there is nothing in the Jones Act which grants to seamen a right to bring an action against anyone except his employer and as the Act does not in terms provide for survival of actions against the estate of the deceased tort-feasor", the majority then goes on to say, "we are unwilling as in Nordquist v. United States Trust Co. of New York, 2 Cir., 188 F.2d 776, to supply what the Congress omitted by reading a survival proviso into the statute where no legislative intent therefor is discoverable. If the law is to be changed it ought to be by an Act of Congress."

Notwithstanding this express and vigorous holding that the Jones Act does not grant to the seaman in this case a right to bring the action brought here, and that the action is afforded by the Statutes of Florida, the opinion goes on to say: "This brings us to the question whether this suit brought on the common law side of the District Court *to enforce a right of action granted by the Jones Act* (emphasis supplied by me) may be commenced within three years after the cause of action accrues, or whether the Florida statute of nonclaim * * * will apply."

With deference, this assumption that the suit is brought to enforce a right of action granted by the Jones Act is contrary to the fact and law of the case, and throws the whole case out of focus by presenting as the question for decision a question that is not here for decision. What is for decision here is this: May the representative of a seaman, who has elected to sue at law upon a cause of action, the creature of a state statute, take so much of the state law as he likes and reject so much of it as he does not like, or must he take the statutory cause of action *cum onere*, the bitter with the sweet.

I think it has been precisely and many times decided that he must so take it. This was decided in The Harrisburg

case, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358, and in Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L. Ed. 210, and that case has been uniformly followed and never departed from. As late as in Levinson v. Deupree, 345 U.S. 648, 651, 73 S.Ct. 914, 97 L.Ed. 1319 the Supreme Court reaffirmed the principle, while in Continental Cas. Co. v. Benny Skou, 4 Cir., 200 F.2d 246, 250, there is an excellent discussion of it, Cf. Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968, Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813, and Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686, are correctly cited by the majority as holding that the Jones Act covers the entire field of liability for injuries to seamen as congress has there laid it down. Indeed Lindgren applied the rule so rigidly that it rejected the application of the Virginia death statute on the ground that the Jones Act was complete and comprehensive, and since, under the circumstances of that case, it did not afford a right of action, state law could not be looked to to supplement its coverage.

In Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903, the Supreme Court of the United States rejected the view of the majority of this court, 113 F.2d 106, that since the action there sought to be maintained was not afforded by the Jones Act, resort could not be had to the action afforded by the Florida State Statutes in favor of the view of the minority, 113 F.2d at page 110, that it could be, and there laid down the rule applicable and controlling here. This is that, though no right of action was afforded under federal law, the seaman was permitted to sue under the State Act, and the suit was not in breach of the uniformity required in admiralty. Thus reaffirming the rule that, though no action was afforded in admiralty, the State Court action for death could be resorted to by a seaman's representative.

The majority has correctly, I think, held that the Jones Act does not afford the right of action asserted, the State

Statutes do. If the action sued on is that afforded by the State, then it must be taken *cum onere,* and it may not, I think, be held, as the majority opinion does, that though the Jones Act does not afford the action and the State Statute does, the representative of a seaman suing under the State Action is in a different situation from an ordinary litigant in Florida, in this, that whereas the statute invoked in this case would certainly be valid as to, and a bar against, such a litigant, it would not be as to the plaintiff because his action was brought for the benefit of a seaman. To my mind, reason and authority join in rejecting this view. I respectfully dissent.

Rehearing denied; HUTCHESON, Chief Judge, dissenting.