SAVOIE, Judge.
This is a products liability case. Plaintiff, Anthony Lane Harris, sues for injuries he received when the recliner chair in which he was sitting collapsed.
The chair was purchased from Wright Furniture of Gonzales, Inc. by the wife of plaintiff on November 10, 1983. On June 28, 1984, a board on the back of the chair frame came loose, and Wright Furniture was contacted to make the proper repairs. Jimmy Yeager, an employee of Wright Furniture, went to plaintiff’s home and completed the repairs to the back of the chair on the same day.
On July 31, 1984, plaintiff underwent an emergency appendectomy at Earl K. Long Hospital. During the surgery, a gangrenous infected appendix was removed and the incision was closed and stapled. Plaintiff was released from the hospital on August 4, 1984.
Plaintiff alleges that after he returned home on the day he was discharged from the hospital, he was seated in the chair, when without warning, the back of the chair broke, throwing him backwards over the chair. Plaintiff stated that after the accident he felt a burning sensation at the site of the wound. He also stated that he went to sleep that night and woke up early the following morning in a great deal of pain. Plaintiff’s wife brought him to the hospital a few hours later.[1] Hospital *1065 records indicate that plaintiff was re-admitted to Earl K. Long on August 7, 1984, with complaints of injuries sustained as a result of the chair breaking. Plaintiff was operated on a second time in order to close the interior of the wound which arguably had come apart as a result of the accident. He was discharged from the hospital on August 20, 1984. Plaintiffs surgeon estimated that after the second surgery, it would normally take eight to ten weeks for plaintiff to completely heal. Plaintiff returned to work several weeks after this convalescent period.
Plaintiff’s wife contacted Wright Furniture after the chair broke a second time. Yeager was again sent to plaintiff’s home and made the repairs to the chair at that, time. The following day plaintiff’s wife called Wright Furniture in order to make arrangements to return the chair. The store manager agreed to give her a full refund if the refund was applied to the purchase price of another recliner chair. Plaintiff and his wife accepted this offer.
Plaintiff filed suit on September 20,1984 against Wright Furniture of Gonzales, Inc. and XYZ Manufacturing Company, seeking damages for injuries allegedly caused by a redhibitory defect in the rocker. Plaintiff filed an amended petition on November 27, 1984, against the manufacturer, Bryant Manufacturing Company and Mission Insurance Company. Wright Furniture has filed for bankruptcy and a stay order has been issued prohibiting any judicial proceeding against Wright Furniture. Plaintiff’s claims against the remaining defendants have been severed from plaintiff’s claim against Wright Furniture.
After trial on the merits, the jury returned a verdict finding the recliner chair to be defective in its design or manufacture; finding also that plaintiff suffered damages, that the damages to plaintiff were caused in whole or in part by the chair; and fixing the amount of damages to, be awarded as follows: $18,000.00 for physical pain and suffering; $30,000.00 for mental pain and anguish; $4,065.38 for medical expenses; $3,200.00 for loss of income; and no award for impairment of earning capacity. The court awarded judgment against defendants and in favor of the plaintiff in accordance with the amounts set out in the jury verdict, plus legal interest from date of judicial demand. The court also ordered that there be judgment in favor of plaintiff and against defendants for the sum of $18,421.79 for attorney’s fees plus interest from date of judicial demand. The court further ordered that all costs were to be paid by defendants.
Defendants appeal raising the following assignments of error:
I. The trial court erred in awarding attorney’s fees in favor of plaintiff and against defendants.
II. The trial court erred in not submitting the issue of the amount of attorney’s fees for the jury’s consideration.
III. The trial court erred in awarding $48,000.00 for physical pain and suffering and mental pain and anguish.
Assignment of Error No. 1
Defendants allege that plaintiff was not entitled to recover attorney’s fees pursuant to LSA-C.C. art. 2545 because his suit was not a suit in redhibition. Defendants allege that plaintiff’s suit was not a suit in redhibition because plaintiff was not suing for restitution of the price.
Louisiana Civil Code article 2545 states: “The seller, wh-. knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.” Knowledge of a defect in a product is imputed to the manufacturer of the product. Weber v. Fidelity & Casualty Insurance Co., 259 La. 599, 250 So.2d 754 (1971). Therefore, plaintiff had a *1066 cause of action for return of the purchase price, damages and attorney’s fees.
In Philippe v. Browning Arms Co., 395 So.2d 310 (La.1981), the Louisiana Supreme Court on rehearing allowed recovery of attorney’s fees and damages pursuant to LSA-C.C. art. 2545 despite the fact that plaintiff had not demanded return of the purchase price. The court, in footnote 13, stated: “[plaintiffs failure in the present case to demand return of the purchase price (to which he was clearly entitled) certainly would not defeat his entitlement to attorney’s fees for recovering damages, if he were otherwise entitled to such fees.” Clearly, in the present case, plaintiff is not precluded from receiving an award in attorney’s fees simply because he did not file suit for return of the purchase price. The trial court was correct in allowing plaintiff to receive an award of attorney’s pursuant to LSA-C.C. art. 2545.
Assignment of Error No. 2
Defendants allege that the trial court erred in not submitting the issue of attorney’s fees to the jury. We agree. In the instant case it was improper for the trial court to remove the issue of attorney’s fees from the jury. Plaintiff’s petition and amended petition both requested a trial by jury. Defendants’ answers also requested a trial by jury. At the close of the trial on the merits, plaintiff moved that the issue of attorney’s fees be removed from consideration by the jury and be considered by the judge alone. The defendants objected and the trial court granted plaintiff’s request.
Louisiana Code of Civil Procedure article 1735 and article 1736,[2] establish the general rule that a demand for a trial by jury will result in a trial by jury of all issues. Exceptions to the general rule exist and occur when: (a) the parties stipulate that the jury trial shall be as to certain issues only; (b) a party in his demand specifies the issues to be tried by a jury; or (c) the right to trial by jury as to certain issues does not exist. Where a jury trial has been demanded by one or both parties, the case must be tried by a jury unless both parties consent to trial without a jury or the trial court finds that a right to a trial by jury does not exist. Huntsberry v. Millers Mutual Fire Insurance Co., 199 So.2d 196 (La.App. 3rd Cir.1967). In the present case both parties requested a trial by jury yet both parties did not consent to trial without a jury on the issue of the amount of attorney’s fees. When a party demands a jury trial and does not specify particular issues to be tried by the jury, it is considered that the party has demanded a trial by jury of all issues so triable. Williams v. Bernard, 425 So.2d 719 (La.1983); LSA-C.C.P. art. 1735. Plaintiff demanded a jury trial and did not specify in his demand that the issue of the amount of attorney’s fees was to be tried by the judge alone. The trial court erred in removing this issue from the jury.
Assignment of Error No. 3
Defendants allege that the trial court erred in awarding $48,000.00 for physical pain and suffering and mental pain and anguish. The jury awarded plaintiff $18,-000.00 for physical pain and suffering and $30,000.00 for mental pain and anguish. Defendants specifically allege that plaintiff did not carry his burden of proof in regards to his claim for mental anguish. All testimony regarding the mental anguish of the plaintiff is contained on two pages of the trial transcript. The entire record on mental anguish reads as follows:
Q: Lane, tell us, during that period of time, what were your feelings about *1067 your condition? Did you have any anxiety about that condition?
A: Yeah. I was going crazy because the reason that they were sticking their finger in there was because it had de-hisced again. In other words, it was about a two inch spot that opened up and they was talking about doing a third operation within ten days.
By Mr. O’Brien:
Your Honor, could we have the medical testimony left to the doctors and avoid alot of this hearsay, please?
By Mr. Tillery:
He knows, Your Honor. The question is, does he know?
By the Court:
No, Mr. Tillery, the question is how he found out. Until we can establish the fact, then I don’t think that he is going to be qualified to say anything that even resembles a medical opinion.
He can say what they did to him, but not why.
Please confine your questions along those lines.
Q: Mr. Harris, then, during that period of time, you say that you had some anxiety. What caused, if you know, in your own mind, that anxiety?
A: It was the idea of the third operation. I mean, when I had the first operation, it was supposed to be a two week, back to work, ...
By Mr. O’Brien:
I’m going to object to that ...
By the Court:
Sustained.
By Mr. O’Brien:
... you know, now he is giving his own prognosis.
By the Court:
Sustained.
Mr. Harris, you are to answer the questions of your counsel very succinctly without giving an opinion or something somebody else told you.
In other words: How did you feel? I hurt. Why did you hurt? I don’t know, I hurt.
Continue, Mr. Tillery.
Q: You were concerned about a third operation?
A: Right.
Q: And this worried you?
A: Sure.
Defendants allege that the award of $30,-000.00 was a clear abuse of discretion. An appellate court will not disturb an award of damages made by the trial court unless there is an abuse of its much discretion. LSA-C.C. art. 1999. A trial judge abuses his “much discretion” when he grants an award in excess of or below the amount that reason dictates is necessary to adequately compensate the person for his injury under the facts shown to exist in his case. Reck v. Stevens, 373 So.2d 498 (La.1979).
As stated by the Louisiana Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976):
We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. (Citations omitted).
We find that the record does not support an award of $30,000.00 for mental pain and anguish. Plaintiff’s testimony, while unrebutted, does not support such an award for mental anguish. Under the circumstances an award of $30,000.00 for mental anguish is excessive.
Since we have found that the trial court has abused its discretion, we amend the judgment to the highest point which is reasonably within the discretion afforded the trial court. Accordingly, we lower the award for mental pain and anguish to $10,-000.00.
For the above and foregoing reasons, the judgment of the trial court awarding attorney’s fees is reversed and this matter is *1068 remanded to the district court for the purpose of having the amount of attorney’s fees decided in conformity with this decision. Additionally, the judgment of the trial court awarding $30,000.00 for mental pain and anguish is amended to reduce that award to $10,000.00. In all other respects, the judgment of the trial court is affirmed. All costs of appeal are to be shared equally between plaintiff and defendants.
AFFIRMED IN PART, AMENDED IN PART AND REVERSED AND REMANDED IN PART.

. We recognize the discrepancies between plain- tiffs testimony and the hospital records insofar *1065 as plaintiff testified that the accident occurred the day he was originally discharged from the hospital and that he was readmitted to the hospital the following morning; yet, the hospital records indicate that plaintiff was readmitted to the hospital three days after he was originally discharged.

. LSA-C.C.P. art. 1735 states:
In his demand a party may specify the issues which he wishes to be tried by jury; otherwise, he shall be considered to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party, within ten days after service of the demand, may demand trial by jury of any or all of the other issues in the action.
LSA-C.C.P. art. 1736 states:
The trial of all issues for which a jury trial has been requested shall be by jury, unless the parties stipulate that the jury trial shall be as to certain issues only or unless the right to trial by jury as to certain issues does not exist; however, except as otherwise provided under the provisions of Article 1562, there shall be but one trial.