599 So.2d 296 (1992)
Spencer PARKER
v.
ROWAN COMPANIES, INC.
No. 91-CC-1271.
Supreme Court of Louisiana.
May 26, 1992.
*298 David Arthur Hurlburt, Hurlburt, Privat & Monrose, for defendant-applicant.
Hebert William Barnes, Jr., David Bruce Allen, Mark D. Rhodes, for plaintiff-respondent.
Lawrence S. Kullman, David W. Robertson, for Louisiana Trial Lawyers Ass'n, amicus curiae.
Frederick Scott Kaiser, Thomas Harry Kiggans, James B. Kemp, Jr., Brian D. Wallace, Luther T. Munford, Phelps Dunbar, for Maritime Overseas Corp., amicus curiae.
Paul H. Dué, Donald Wayne Price, Dué, Smith, Caballero, Price & Guidry, Lewis O. Unglesby, Charles William Roberts, for Hae Woo Youn, amicus curiae.

ON REHEARING
CALOGERO, Chief Justice.
Injured seamen often, if not routinely, couple their Jones Act injury claim with claims for unseaworthiness, and wages, maintenance and cure. When suit is brought in federal court, the plaintiffs alone have the choice of a judge or jury trial, depending upon the nature of their claims. If the claim is cognizable only in admiralty, then the distinctive admiralty procedures apply which, among other aspects, precludes the right to a trial by jury.[1] If, however, the claim could be brought in federal court on some other jurisdictional basis besides admiralty (e.g., diversity, Jones Act), plaintiffs may choose whether to invoke the special admiralty procedures or whether to have the case tried as a non-maritime civil action. In order to permit the invoking of admiralty procedures, Rule 9(h) of the Federal Rules of Civil Procedure requires the pleading to contain an express statement identifying the claim as an admiralty or maritime claim, thereby facilitating a choice of a bench trial.[2] The Rule 9(h) election is not irrevocable; the petition may be amended to add or withdraw the election. Romero v. Bethlehem Steel Corp., 515 F.2d 1249, 1252-53 n. 1 (5th Cir.1975). See also Forbes v. A & P Boat Rentals, Inc., 689 F.Supp. 625 (E.D.La.1988) where the court allowed the plaintiffs to amend their complaint at the beginning of trial to delete the Rule 9(h) designation in order to assert their right to a jury trial where the defendant was not prejudiced.
If some other independent basis for jurisdiction exists, plaintiffs may opt for a jury trial. One of the means of getting the case tried to a jury is under the Jones Act which specifically gives injured seamen a right to trial by jury.[3] Additionally, if there are both Jones Act claims and traditional maritime claims joined together in one suit, plaintiffs may choose to have the entire case tried to a jury, or may withdraw the jury demand. Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 rehearing denied, 375 U.S. 870, 84 S.Ct. 26, 11 L.Ed.2d *299 99 (1963). The court in Rachal v. Ingram Corp, 795 F.2d 1210, 1213 (5th Cir.1986), discussing a nondiversity action (i.e., where no other basis exists for the right to a jury trial except the Jones Act) explained:
"When non-jury admiralty claims are joined in the same action, they are treated as pendent to the Jones Act claim, and are tried together for convenience."
Thus, plaintiffs alone have control over whether the case is to be tried to a judge or a jury.
In 1988, with Act 147, Louisiana apparently attempted to track the federal system and give injured seamen who choose to file in state court the same choice of jury or bench trial as they would have in federal court.[4] The way the Legislature attempted to accomplish this was by amending La.C.C.P. art. 1732, an article which places limits upon the availability of jury trials. The amendment added one additional instance in which trial by jury "shall not be available." If plaintiffs bring "a suit on an admiralty or general maritime claim under federal law" in state court under a federal "saving to suitors" clause, and if plaintiffs designate that suit as an admiralty or general maritime claim, then "a trial by jury shall not be available."[5] Conversely, if plaintiffs do not so designate the lawsuit, the exception is inapplicable and a trial by jury shall be available, or "recognized," as C.C.P. art. 1731 recites.[6] The choice in Louisiana affecting bench or jury trial then, is with the plaintiffs (i.e., whether to designate the suit as an admiralty claim or not), just as it is in federal court, if the statute accomplishes what its author intended.
The facts of this case are set forth in our original opinion. Parker's petition which was filed after he sustained injuries while working on an offshore oil rig (the "Louisiana") stated that the action was brought "under the Jones Act/General Maritime Law and the Savings to Suitors Clause."[7] He sought remedies based on unseaworthiness, maintenance and cure, and the Jones Act. Parker requested a jury trial in his original petition.
Several months later in an amended and supplemental petition, Parker requested a bench trial under the C.C.P. art. 1732(6) exception. Answering Parker's amended petition, Rowan asserted its entitlement to a jury trial. Plaintiff then filed a motion to strike Rowan's jury trial request on the ground that 1732(6) does not provide for a jury trial when the plaintiff's claim is designated as an admiralty or general maritime claim, and is brought under the "saving to suitors" clause. The district court granted plaintiff's motion to strike the jury. Rowan sought a writ of review to the court of appeal. The writ was denied based on the holding in Heinhuis v. Venture Assoc., 558 So.2d 1244 (La.App. 1st Cir.), writ denied, 559 So.2d 1369, 559 So.2d 1385 (La.1990).
The question that has arisen in this case is whether the portion of plaintiff's claim *300 which involves his rights under the Jones Act is "an admiralty or general maritime claim under federal law" within the meaning of La.C.C.P. art. 1732(6). The First Circuit Court of Appeal has twice determined, both in Sons v. Inland Marine Service, Inc., 577 So.2d 225 (1st Cir.1991) and in Heinhuis v. Venture Assoc., 558 So.2d 1244 (La.App. 1st Cir.), writ denied, 559 So.2d 1369, 559 So.2d 1385 (La.1990), that the Jones Act claim is an admiralty or general maritime claim under federal law. The Third Circuit apparently agrees, for it denied defendant's application for writs in this case, citing Heinhuis. This court on original hearing determined that a Jones Act claim is not a maritime or admiralty claim, but a claim at law. Additionally, we held that state courts have concurrent jurisdiction of Jones Act claims pursuant to federal statute, not the "saving to suitors" clause. That conclusion, too, barred application of Article 1732(6). We granted rehearing to reconsider this decision on original hearing.
Contrary to what the majority concluded on original hearing, it seems to our newly constituted majority now rather clear that Jones Act claims are admiralty and maritime claims. The United States Supreme Court said as much in Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924):
Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seamen to do so. On the contrary, it brings into that law new rules drawn from another system and extends to seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some nonmaritime system.
Subsequent to Panama Railroad Co. v. Johnson, the Court stated this principle even more clearly:
[The Jones Act] is to be liberally construed to carry out its full purpose, which was to enlarge admiralty's protection to its wards.... Being an integral part of the maritime law, rights fashioned by it are to be implemented by admiralty rules not inconsistent with the Act.
Garrett v. Moore-McCormack Co., 317 U.S. 239, 248, 63 S.Ct. 246, 252, 87 L.Ed. 239 (1942) (emphasis added) (citations omitted).
Our interpretation of Panama and our conclusion in this respect is shared by the authors G. Gilmore and C. Black in The Law of Admiralty 340, 353 (2d ed. 1975). The authors state:
In [Panama Railroad] to save the Jones Act from "grave" constitutional objections, the Court decided that the Jones Act merely added a new remedy to the maritime law (over which admiralty courts have jurisdiction) and was not an attempt to create an exclusive common-law remedy for a maritime tort.
See also T. Schoenbaum, Admiralty and Maritime Law 182 (1987) ("The [Jones Act] seaman has the option of suing in federal admiralty jurisdiction or of suing at law with the right of trial by jury in either the state or federal courts.") (emphasis added).
The second pertinent question we treat here is whether Jones Act claims are "brought in state court under [the] `saving to suitors' clause." Defendants argue that they are not, thus, 1732(6) is inapplicable, and consequently Jones Act claims constitute civil actions in which jury trials are available to both parties. This is erroneous. The Supreme Court in Panama Railroad Co. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085 (1926) stated:
The sole question presented is whether state courts may entertain [Jones Act] actions, the defendant's contention being that they are cognizable only in the federal District Courts.
[The Jones Act], as heretofore construed, changes the maritime law of the United States by giving to seamen injured through the negligence of their employers... the rights given to railway employees... by the [FELA]. And the procedural provisions therein have been construedwhen read in connection with *301 §§ 24 (third) and 256 (third) of the Judicial Code, and in light of constitutional rules respecting admiralty and maritime jurisdictionto mean that the new substantive rights may be asserted and enforced either in actions in personam against the employers in courts administering common-law remedies, with a right of trial by jury, or in suits in admiralty in courts administering remedies in admiralty, without trial by jury; but always taking the changed maritime law as the basis and measure of the rights asserted.
The sections of the Judicial Code just cited, while investing the Federal district courts with jurisdiction, "exclusive of the courts of the several states," of all "civil causes of admiralty and maritime jurisdiction," contain an excepting clause expressly "saving to suitors in all cases the right to a common-law remedy where the common law is competent to give it." ... [I]t uniformly has been regarded as permitting such actions to be brought in either the Federal courts or the state courts, as the possessor of the right may elect ...
In so saying, we must be understood as fully recognizing what often has been held in other casesthat the saving clause does not include suits in rem or other forms of proceeding unknown to the common law.... But an action in personam to recover damages for tort is one of the most familiar of the common-law remedies; and it is such a remedy at law that is contemplated by [the Jones Act] and invoked in this case. The defendant insists that the saving clause refers only to rights recognized by the maritime law as existing in 1789, when the clause first was adopted, and therefore does not include rights brought into the maritime law by subsequent legislative changes. We think the [saving] clause has a broader meaning, looks to the future as well as the past and includes new as well as old rights, if only they are such as readily admit of assertion and enforcement in actions in personam, according to the course of common law.

Id. at 559-61, 46 S.Ct. at 596-97. Thus, the Supreme Court explained that Jones Act cases in state court are there via the saving clause. This, too, is our conclusion: Jones Act claims may be brought in state court by virtue of the existence of the saving clause.
In all events, it is our conclusion that the Legislature, in passing the amendment to Article 1732, intended to and did achieve for the plaintiff seaman the same exclusive choice of bench or jury trial in Jones Act cases in state court which prevails in federal court.
Defendant's alternative argument is that if 1732(6) is construed as encompassing Jones Act claims, then the statute itself violates the supremacy clause of the United States Constitution, the Seventh Amendment, and the provisions of 28 U.S.C. § 1333. The arguments which he uses to support these contentions do not persuade us. The Seventh Amendment's right to trial by jury in civil cases has not been extended to the states through the Fourteenth Amendment. Olesen v. Trust Co. of Chicago, 245 F.2d 522 (7th Cir.), cert. denied, 355 U.S. 896, 78 S.Ct. 270, 2 L.Ed.2d 193 (1957). See also Letendre v. Fugate, 701 F.2d 1093, 1094 (4th Cir.1983) (citations omitted). A denial of a jury trial in a state court civil proceeding does not violate the due process clause. Id. Therefore, it is within the province of the states to establish their own rules for the availability of jury trials. This court, in Lavergne v. Western Co. of North America, Inc., rejected the reverse-Erie argument, stating:
It has long been established that a state court, having concurrent jurisdiction with the federal courts as to in personam admiralty claims, is free to adopt such remedies and attach to them such incidents as it sees fit so long as it does not attempt to modify or displace essential features of the substantive maritime law... Affording a litigant a right to trial by jury in our state courts does not ... modify or displace essential features of the substantive maritime law. As stated by Judge (now Justice) Blanche in Hebert v. Diamond M Company [367 So.2d *302 1210 (La.App. 1st Cir.1978)], `[a] jury trial is simply a method of enforcing substantive rights. As such, it is purely remedial ...'
371 So.2d 807, 810 (La.1979) (citations omitted). Similarly, granting a Jones Act seaman a right to a state court bench trial does not "modify or displace essential features of the substantive maritime law."
Concerning an incidental assertion in this litigation concerning the respective plaintiffs[8] that because one of them[9] did not expressly designate, at the inception of his lawsuit, his choice for a bench trial, that he should be precluded from later asserting this option coincident with his motion to strike the jury request made by defendant, we are not persuaded. Article 1732(6) does not prescribe any procedural method for invoking the exception to a jury trial. It is noteworthy that it does not prescribe that plaintiff must elect the option at the outset of the lawsuit. The counterpart federal procedure is quite liberal in terms of allowing a seaman to amend his petition to change his election (i.e., either to opt for a 9(h) bench trial or for the civil side with jury trial). There is no reason why we should not interpret this Louisiana statute to facilitate plaintiff's choice by permitting him to modify or supplement his petition, as in Parker's case where he amended his pleading after first having sought a jury trial, or as in Briley's case where he made his election coincident with his own motion to strike the defendant's request for a jury trial.
In this case, it is Parker's option regarding whether the case will be heard by jury or by the judge. He chose the latter. The district court's ruling granting Parker's motion to strike the jury requested by Rowan was correct, as was the court of appeal's denial of defendant's application for writs. The court of appeal's reliance upon Heinhuis was proper. That case was decided correctly.

DECREE
For the foregoing reasons, the ruling of the district court in granting plaintiff's motion to strike defendant's jury trial request, and the court of appeal's denial of defendant's writ application are affirmed.
AFFIRMED.
DENNIS, J., assigns additional reasons.
MARCUS, J., dissents adhering to the original opinion.

ON REHEARING
DENNIS, Justice, assigning additional reasons.
I join completely in the opinion of the court issued on rehearing. I write separately only to note that because of confusion among the federal courts in interpretations of Federal Rules of Civil Procedure, Rule 9(h), compare T.N.T. Marine Service v. Weaver Shipyards, Inc., 702 F.2d 585 (5th Cir.1983) and Owens-Illinois, Inc. v. U.S. District Court for the Western District of Washington, 698 F.2d 967 (9th Cir.1983), parties seeking to invoke the benefits of Code of Civil Procedure article 1732(6) should not simply designate their suit as an admiralty or general maritime claim, but should make a designation substantially similar to the following: "This is an admiralty or general maritime law claim brought pursuant to 28 U.S.C. § 1333, the saving to suitor's clause, and La.C.C.P. art. 1732(6)."
NOTES
[1] Originally, separate rules of civil procedure applied to admiralty cases. In 1966, the Federal Rules of Civil Procedure were amended to provide unified rules for admiralty and non-admiralty cases. Notes of Advisory Committee on Rules, 39 F.R.D. 73 (1966). The distinctive features of admiralty practice were preserved, however, and Rule 38(e) governs the lack of a right to trial by jury in admiralty suits.
[2] Rule 9(h) of the Federal Rules of Civil Procedure provides:

Admiralty and Maritime Claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e) [no jury trial], 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15....
[3] 46 U.S.C.App. § 688 governs Jones Act claims and provides in part:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply.... (emphasis added)
[4] The author of the bill which became Act 147 was Representative Hunt Downer. His stated purpose was to give seamen filing suit in state court the same choice of judge or jury which prevails in federal court. He explained the bill to the House Civil Law & Procedure Committee on May 10, 1988 as follows:

House Bill 620 ... is a simple Bill.... So all I'm trying to do is track exactly the federal rules of procedure in essence saying you as the complainant or the seaman have the right to control the actions of whether or not you want a jury trial or not.
[5] Article 1732(6), entitled "Limitation upon jury trials," provides:

A trial by jury shall not be available in:
. . . . .
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
[6] Article 1731 states in part:

A. Except as limited by Article 1732, the right of trial by jury is recognized.
[7] The "saving to suitors" clause referred to in Parker's petition is found in 28 U.S.C. § 1333 stating in part:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
[8] Consolidated with this case is Anthony R. Briley v. Rowan Companies, Inc. et al. for which we are rendering an opinion on this same date.
[9] Defendant asserted that Briley did not designate his case as an admiralty or maritime claim at the outset of the lawsuit. The jury request in that lawsuit came from defendant. Thereafter, Briley filed a motion to strike defendant's jury request invoking the exception in Article 1732(6). The only difference from the instant case is that here Parker initially requested a jury trial trial, and then later filed an amended and supplemental petition invoking Article 1732(6) in order to facilitate a bench trial.