797 So.2d 776 (2001)
Paul DUPONT
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT.
No. 01-0188.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
J. Rock Palermo, Donald McKnight, A Professional Law Corporation, Lake Charles, LA, Counsel for Plaintiff/Appellee Paul Dupont.
Julius W. Grubbs, Jr., Haik, Minvielle & Grubbs, New Iberia, LA, Counsel for Defendant/Appellant State of Louisiana, Department of Transportation & Development.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
GREMILLION, Judge.
In this case, we are asked to review the trial court's pre-trial finding that La.R.S. 13:5105 does not entitle the State of Louisiana to a jury trial when the plaintiff's claim arises under La.Code Civ.P. art 1732. For the following reasons, we deny the State's writ.

BACKGROUND
In January 2000, the plaintiff, Paul Dupont, filed a petition for damages against the State of Louisiana, through the Department of Transportation and Development (DOTD), for injuries he allegedly suffered in a fall while he was operating a *777 ferry boat owned by DOTD. Dupont asserted his claims as a seaman under the Jones Act, 46 U.S.C.A. § 688 et seq., and general maritime law. He further alleged a breach of contract and breach of warranty of seaworthiness pursuant to general maritime law, 28 U.S.C. § 1333, the "saving to suitor's" clause, and La.Code Civ.P. art. 1732(6).
DOTD answered and requested a trial by jury based on La.R.S. 13:5105. Dupont filed a motion to strike DOTD's jury request urging that the accident in question, which occurred on October 20, 1997, was prior to the repeal of Article 1732(6), thus, entitling him to a bench trial. After a hearing on the issue, the trial court granted Dupont's motion to strike DOTD's jury request. Thereafter, DOTD applied for supervisory writs to this court. Thus, the issue before us is whether the trial court correctly found that Article 1732(6) applies to the situation at hand rather than La.R.S. 13:5105. As a question of law is at issue, we simply decide whether the trial court's decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699.

LAW
Article 1732(6), as amended by Acts 1988, No. 147, § 1, has now been repealed, but, at the time of Dupont's accident, it stated that a jury trial would not be available in:
A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitor's" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
The supreme court interpreted this as giving the plaintiff the exclusive choice of a judge or jury trial in Jones Act cases. See Parker v. Rowan Cos. Inc., 599 So.2d 296 (La.1992), cert. denied, 506 U.S. 871, 113 S.Ct. 203, 121 L.Ed.2d 145 (1992), and Fox v. Southern Scrap Export Co., Ltd., 618 So.2d 844 (La.1993).
La.R.S. 13:5105 states:
A. No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
Pursuant to this article, the State urges that it has the exclusive right to determine whether a case against it will be tried by jury. We disagree.
When the legislature enacted La. R.S. 13:5105, it could have expressly stated this statute was to be superior to Article 1732(6) or it could have repealed it. In interpreting two conflicting statutes, the more specific will control over the general. State in the Interest of A.C., 93-1125 (La.1/27/94), 643 So.2d 719. Clearly, Article 1732(6) is the more specific of the two statutes: it applies only to the rights of a plaintiff who has filed a suit on an admiralty or maritime claim under the "saving to suitor's" clause in state court. La.R.S. 13:5105 is a generally empowering statute that is less specific than Article 1732(6).
Therefore, we believe that the legislature would have expressly stated that the State was exempt from the provisions of Article 1732(6) when it enacted La.R.S. 13:5105 or repealed Article 1732(6) had it had it intended such result. Because the legislature did neither, we agree with the trial court's ruling that La.R.S. 13:5105 did not "trump" the more specific and, therefore, controlling provision of Article 1732(6) as it existed at the time of the accident at issue. Even as the statutes exist today, we regard Article 1732 as a *778 more specific statute that sets forth exceptions applicable to all, including the State. Otherwise, the State would be exempt from Article 1732, which apparently was not the legislature's intent when enacting La.R.S. 13:5105. Therefore, we find no error in the ruling of the trial court and the writ is denied.
WRIT DENIED.