820 So.2d 1283 (2002)
Steven HAHN
v.
NABORS OFFSHORE CORPORATION.
No. 02-0084.
Court of Appeal of Louisiana, Third Circuit.
June 26, 2002.
*1284 Bennett B. Anderson, Jr., Blake R. David, Anderson & Broussard, Lafayette, LA, for Plaintiff/Applicant Steven Hahn.
Thomas J. Smith, Kevin A. Marks, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, for Defendant/Respondent Nabors Offshore Corporation.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.
PETERS, J.
This matter is before us on an application for supervisory writs filed by Steven Hahn seeking to reverse the trial court's denial of his motion to strike the jury demand filed by the defendant, Nabors Offshore Corporation (Nabors). For the following reasons, we deny Hahn's application.
This litigation began as a Jones Act and general maritime law suit for compensatory and punitive damages filed by Hahn against his employer, Nabors, in connection with an accident that allegedly occurred on July 16, 2000. Nabors requested a jury trial, and Hahn filed a motion to strike the jury demand. The denial of this motion by the trial court gave rise to the instant application for supervisory writs.
Hahn asserts that, pursuant to the Jones Act, the election of a jury trial is a seaman's exclusive right. Certainly, "[w]hen suit is brought in federal court, the plaintiffs alone have the choice of a judge or jury trial, depending upon the nature of their claims." Parker v. Rowan Cos., 599 So.2d 296, 298(La.), cert. denied, 506 U.S. 871, 113 S.Ct. 203, 121 L.Ed.2d 145 (1992). In fact, 46 App.U.S.C. § 688(a), which governs Jones Act claims, provides: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury...."
While we do not take issue with the jury trial question in federal court, we note that Hahn brought this suit in state court under the "saving to suitors" clause of 28 U.S.C. § 1333. Considering state law relative to the right to a jury trial, La.Code Civ.P. art. 1731(A) provides: "Except as limited by Article 1732, the right of trial by jury is recognized."
By Acts 1988, No. 147, § 1, the legislature had amended Article 1732 to deny trial by jury in "[a] suit on an admiralty or general maritime claim under federal law that is brought in state court under a *1285 federal `saving to suitors' clause, if the plaintiff has designated that suit as an admiralty or general maritime claim." La. Code Civ.P. art. 1732(6) (1988). The Louisiana Supreme Court commented in Parker, 599 So.2d at 299, that "Louisiana apparently attempted to track the federal system and give injured seaman who choose to file in state court the same choice of jury or bench trial as they would have in federal court." (The plaintiff accomplished this choice by either the particular designation of his lawsuit as an admiralty/general maritime suit or by the lack of such designation. See id.)
However, by Acts 1999, No. 1363, § 1, the legislature deleted former La. Code Civ.P. art. 1732(6). With this action, the legislature left nothing in Article 1732 that would prohibit a jury trial in a suit on an admiralty or general maritime claim. The house and senate minutes of April 1999 on the issue indicate that the intent of the deletion was to repeal the prohibition of jury trials in certain admiralty or maritime cases.[1] The repeal is "applicable to causes of action which arise on or after the effective date thereof." Acts 1999, No. 1363, § 2. The cause of action in the instant case arose after the effective date of the repeal. Thus, pursuant to La.Code Civ.P. art. 1731(A), because the right to trial by jury in admiralty/general maritime claims is no longer limited by Article 1732, it is recognized in the instant case. As stated in Parker, 599 So.2d at 301, "it is within the province of the states to establish their own rules for the availability of jury trials." Importantly, "[a]ffording a litigant a right to trial by jury in our state courts does not ... modify or displace essential features of the substantive maritime law." Lavergne v. Western Co. of N. Am., Inc., 371 So.2d 807, 810 (La.1979).
We note that in Smith v. Cliff's Drilling Co., 562 So.2d 1030 (La.App. 3 Cir.1990), in which the cause of action occurred prior to the 1988 amendment, this appellate court concluded that a defendant had a right to a jury trial in a suit brought in state court under the general maritime law and the Jones Act. We stated: "Unless and until a jury trial is specifically forbidden in certain cases, a defendant will be given the right to choose a jury, regardless of the choice made by the plaintiff." Id. at 1031. With the repeal of former La.Code Civ.P. art. 1732(6), we adhere to our prior position that a defendant in state court has the right to choose a jury trial, regardless of the choice made by the plaintiff.
Hahn urges that we consider that former La.Code Civ.P. art. 1732(6) dealt with only admiralty or general maritime suits and not Jones Act suits. He points out that the House and Senate Committees spoke in terms of repealing the prohibition against jury trials in certain admiralty or maritime cases. However, in Parker, 599 So.2d at 300, the supreme court concluded that "Jones Act claims are admiralty and maritime claims" for purposes of former La.Code Civ.P. art. 1732(6).
Thus, there is no prohibition against Nabors choosing a jury trial, and the trial court did not err in refusing to grant Hahn's motion to strike on the issue. Accordingly, we deny Hahn's application for supervisory writs and assess costs to him.
WRIT DENIED.
COOKS, J., dissents.
NOTES
[1] See house minutes of April 5 and 6, 1999, House Bill 544, and senate minutes of April 13, 1999, Senate Bill 832.