# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1412


GOLD, WEEMS, BRUSER, SUES & RUNDELL

VERSUS

TOMMIE MACK GRANGER


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 205,470
HONORABLE JAMES HUGH BODDIE, JR.,
DISTRICT JUDGE PRO TEMPORE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**WRIT DENIED.**

Henry B. Bruser, III
David Cleveland Hesser
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
Counsel for Plaintiff/Applicant:
    Gold, Weems, Bruser, Sues & Rundell

Staci Knox Villemarette
Cloyd, Wimberly & Villemarette
P. O. Box 53951
Lafayette, LA 70505-3951
(337) 289-6906
Counsel for Defendant/Respondent:
    Tommie Mack Granger

**PICKETT, Judge.**

## FACTS

Gold, Weems, Bruser, Sues & Rundell (the Gold firm) filed suit against Tommie Mack Granger to recover unpaid attorney fees and expenses arising out of their representation of Mr. Granger in custody litigation against his ex-wife. In his answer, Mr. Granger prayed for a trial by jury. After posting the appropriate bond, the trial court issued an order granting a trial by jury.

On August 18, 2003, the Gold firm filed a Motion to Withdraw Order Granting Trial by Jury, claiming that this suit is for the recovery of attorney fees and the reasonableness of attorney fees is exclusively within the province of the court. Following a hearing, the trial court denied the motion. The Gold firm timely filed an application for supervisory writs seeking reversal of this ruling. This court granted the writ in an unpublished disposition on November 20, 2003, for the purpose of briefing, argument, and opinion.

## ASSIGNMENTS OF ERROR

The applicant, the Gold firm, asserts one assignment of error:

1.    The trial court erred as a matter of law in denying Motion to Withdraw Order Granting Trial by Jury.

## DISCUSSION

The right to trial by jury is recognized by La.Code Civ.P. art. 1731. This right is limited by La.Code Civ.P. art. 1732, which provides:

A trial by jury shall not be available in:

(1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.

(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want, or failure of consideration.

1

(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo warranto, injunction, concursus, workers' compensation, emancipation, tutorship, interdiction, curatorship, legitimacy, filiation, annulment of marriage, or divorce proceeding.

(4) A proceeding to determine custody, visitation, alimony, or child support.

(5) A proceeding to review an action by an administrative or municipal body.

(6) All cases where a jury trial is specifically denied by law.

The Gold firm does not argue that any of the first five prohibitions against a jury trial apply in this case. Instead, it claims that since the principal demand in this case is the recovery of attorney fees and the reasonableness of attorney fees is a matter which is properly considered as a means of the regulation of the practice of law, it is solely within the ability of the courts to determine. Therefore, a trial by the court, and not a jury, is the only proper means of resolving this case.

In fact, the supreme court has asserted its power to regulate the practice of law in this state. *See Chittenden v. State Farm Mutual Auto Ins. Co.* , 00-414 (La. 5/15/01), 788 So.2d 1140. It has also held that all areas of the attorney-client relationship must be considered in light of the Rules of Professional Conduct. *Id.* These legal precepts are not in dispute here. It does not necessarily follow, however, that a dispute for legal fees filed by an attorney as a Petition for Breach Contract against a former client must be tried by a judge rather than a jury.

The Gold firm argues that the supreme court clearly found that attorney fees are only triable by a judge in *Harris v. Wright Furniture of Gonzales* , 532 So.2d 141 (La.1988). In *Harris*, the plaintiff sued in redhibition for injuries sustained when he fell from a chair. In addition to damages for his injuries, he sought attorney fees. After the evidence had been presented to the jury, the plaintiff moved that the trial court, and not the jury, consider the issues of attorney fees. The trial court granted the

2

motion. Following a jury verdict awarding damages, the trial court awarded $18,421.79 in attorney fees. On appeal, the first circuit held that the award of attorney fees should have been considered by the jury, as both parties had sought a trial by jury of all issues. *Harris v. Wright Furniture of Gonzales*, 527 So.2d 1063 (La.App. 1 Cir. 1988). It remanded the case "for the purpose of having the amount of attorney's fees decided in conformity with this decision." *Id*. at 1068. The supreme court granted writs in part and issued the following decision:

> Granted in part. Denied in part. The remand to the trial court is vacated and set aside. The judgment of the trial court awarding attorney fees is reinstated. In all other respects the decree of the court of appeal is affirmed.

*Harris*, 532 So.2d at 141. The supreme court gave no reasoning for its ruling. Any rationale for its reasoning would only be speculation. The argument that this case is clearly governed by *Harris* is without merit.

The Gold firm does not cite any case other than *Harris* and the broad principles outlined in *Chittenden* and *Saucier v. Hayes Dairy Products, Inc.* , 373 So.2d 102 (La.1978), to support their contention that a jury cannot try a suit seeking recovery of attorney fees. As the trial court properly pointed out in its ruling, the supreme court in *Parker v. Rowan Companies, Inc.*, 628 So.2d 1108, 1110 (La.1991), *rehearing granted on other grounds*, 599 So.2d 296 (La.), *cert. denied*, 506 U.S. 871, 113 S.Ct. 203 (1992), has stated:

> A party claiming that its case fits within an exception to the right to a trial by jury has the burden of proving that the case falls within that exception. *Cambridge Corner Corp. v. Menard*, 525 So.2d 527, 530 (La.1988). Furthermore, jurisprudence indicates that the right to a trial by jury is fundamental in character and courts should indulge in every presumption against a waiver, loss, or forfeiture of that right. *Champagne v. American S. Ins. Co.*, 295 So.2d 437, 439 (La.1974).

The trial court went on to state:

3

> There is no doubt that the legislature can not invade the authority of the judiciary to regulate the practice of law. Furthermore, the courts have the duty to closely scrutinize all claims of excessive attorney fees. However, the compelling phrase is "judicial review". Where civil cases are tried to a jury, the statutes provide for judicial review of verdicts deemed not consistent with the law and the evidence. La.Code Civ.P. arts. 1811 and 1814.
>
> Simply stated, the instant matter may be categorized as collection litigation involving attorney fees and expenses incurred as the result of child custody litigation. Certainly, expenses are not attorney fees and whether they were reasonable and justified by the factual scenario presented by the custody case is to be determined by the trier of fact.

The trial court concluded by finding that the Gold firm had not met its burden of proving that this case falls within the exception to the right of a trial by jury.

The Gold firm also argues that this suit for attorney fees is actually in the nature of an incidental demand, and that the custody case is the main demand. In fact, the pleading which began this litigation is styled "Petition for Breach of Contract." While issues regarding the firm's representation of Mr. Granger in the custody case may be relevant to the contract dispute, the contract dispute is the principal demand.

We agree with the trial court's conclusion that the Gold firm has not met its burden of proving that this case falls within an exception to the right to a trial by jury. Accordingly, the writ is denied.

**WRIT DENIED**.

4