887 So.2d 28 (2004)
Carol Lyn SPENCER
v.
STATE of Louisiana, through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 2003 CA 0539.
Court of Appeal of Louisiana, First Circuit.
August 11, 2004.
*29 Phil Breaux, Breaux & Hornstein, St. Gabriel, for Plaintiff-Appellee Carol Lyn Spencer.
Fred H. Belcher, Jr., Katherine M. LaPorte, Office of Attorney General, Baton Rouge, for Defendant-Appellant State of Louisiana, through the Department of Transportation and Development.
*30 Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
PARRO, J.
The State of Louisiana, through the Department of Transportation and Development (DOTD), appeals a judgment awarding maintenance and cure payments, compensatory damages, attorney fees, court costs, and legal interest to Carol Lyn Spencer, who was injured while working for DOTD as a deckhand on two Mississippi River ferries.[1] We reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND
Carol Lyn Spencer worked for DOTD as a deckhand on two Mississippi River ferries, the M/V Iberville and the M/V St. Francisville. On February 10, 2000, she was treated for an ankle injury that occurred while working on one of the ferries. She missed some work, but the sprained ankle injury resolved within a few weeks.
On March 21, 2000, Spencer seriously injured her hand while trying to operate the ferry gate. This injury required surgery, which was performed a week later by Dr. A.N. Diodene, Jr., an orthopedic surgeon. Spencer tried unsuccessfully to return to work in June; her doctor finally released her to work without limitations on August 29, 2000.
On August 10, 2000, Spencer filed this suit as a seaman under the general maritime and admiralty laws, pursuant to the "saving to suitors" provisions, claiming her injuries were the result of the unseaworthiness of the vessels and the negligence of DOTD. Her petition did not include a claim for maintenance and cure. On November 9, 2000, DOTD answered and requested a jury trial on all issues.
Spencer continued working for DOTD on the ferries for about a year, but quit sometime during the summer of 2001. She returned to Dr. Diodene in October 2001, complaining of increased pain in her injured hand. Based on his examination of her, he concluded that a second surgery was needed. DOTD received this recommendation on December 28, 2001, and asked Spencer to submit to an independent medical examination to confirm the surgery was needed and was related to the earlier injury.
In January 2002, Spencer filed a supplemental and amending petition, claiming DOTD had arbitrarily refused to pay maintenance and cure and had refused to approve the surgery she needed. She also asserted that as a result of DOTD's failure to pay medical expenses from the first surgery, she had been sued by the hospital. In her supplemental and amending petition, she asked for payment of all medical expenses, maintenance benefits, attorney fees, and damages.
An independent medical examination was eventually conducted by Dr. Joe A. Morgan, who agreed with Dr. Diodene's recommendation and concluded that Spencer's problems with her hand were probably related to the initial injury. Dr. Diodene performed the second surgery on April 26, 2002.
On Spencer's motion, the court severed her Jones Act and unseaworthiness claims from her claims for maintenance and cure,[2] *31 and tried the maintenance and cure claims in a bench trial on July 29, 2002. The evidence revealed that when Spencer missed work after her ankle injury in February 2000, she was paid her full salary, because she had sick leave. DOTD paid her medical expenses and also paid her $275 for seaman's maintenance benefits at the rate of $25 per day. However, because Spencer was subject to civil service rules and had already received her full salary due to sick leave, DOTD required her to refund maintenance payments exceeding her regular salary.[3] Because of this policy, she had to refund the entire $275. According to DOTD, these funds "bought back" her sick leave, which was then credited back to her.
When Spencer injured her hand, DOTD paid maintenance for the period of March 22, 2000, through August 29, 2000, in three checks totaling $3,575. Of this amount, Spencer was required to refund $621.10. Although payment of some of the medical expenses was delayed, DOTD eventually paid all the expenses related to her first hand surgery and settled a lawsuit the hospital had filed against Spencer.
When the second hand surgery was performed, DOTD again paid maintenance to Spencer, commencing April 26, 2002, and continuing through July 21, 2002. She was no longer working for DOTD at this time, so she retained all of these maintenance payments. By July 29, 2002, when the maintenance and cure claims were tried, DOTD had approved all of the related medical bills for payment, but not all of the checks had been issued. By that time, several creditors were again commencing collection procedures against Spencer.
After the trial, the court took the matter under advisement and asked for post-trial briefs. Apparently, the court reached its decision in favor of Spencer on August 29, 2002, but the judgment was not signed at that time.[4] On December 2, 2002, Spencer submitted proposed findings of fact and conclusions of law to the court. On December 11, 2002, the court signed a judgment indicating that judgment had been rendered August 29, 2002, and stating, in pertinent part:
[T]he court finds that the defendant improperly required the plaintiff to refund maintenance payments and failed to pay or timely pay maintenance and cure to or on behalf of the plaintiff and that the defendant's conduct was arbitrary and capricious. Therefore:
IT IS ORDERED that the State of Louisiana/DOTD pay to the plaintiff the sum of $896 in maintenance payments that the plaintiff reimbursed to the State of Louisiana/DOTD with interest.
IT IS FURTHER ORDERED that the State of Louisiana/DOTD pay to the plaintiff the sum of $2,975 representing *32 maintenance payments from December 28, 2001[,] through April 25, 2002, at the rate of $25 per day with interest.
IT IS FURTHER ORDERED that the State of Louisiana/DOTD pay the plaintiff $15,000 in compensatory damages and $15,000 in attorneys fees with interest.
The judgment also ordered DOTD to pay Dr. Diodene's expert witness fee of $700 and all court costs. Written reasons for judgment signed December 11, 2002, state:
The Court hereby adopts the Plaintiff's Pretrial Memorandum on Maintenance and Cure Claim and Plaintiff's Post-Trial Memorandum as its written reasons for judgment.
In this appeal, DOTD contends the court erred in failing to properly provide written reasons for judgment and in considering the plaintiff's proposed findings of fact and conclusions of law in rendering its judgment. DOTD also claims the court erred in severing the maintenance and cure issues for a bench trial and in awarding damages. In light of our conclusion regarding the severance of the maintenance and cure issues for a bench trial, we pretermit discussion of the other assignments of error raised by DOTD.

DISCUSSION

Maintenance and Cure
Maintenance and cure are centuries-old remedies under the general maritime law. A seaman's right to maintenance and cure is implicit in the contractual relationship between the seaman and his employer, and is designed to ensure the recovery of these individuals upon injury or sickness sustained in the service of the ship. Maintenance and cure are due without regard to the negligence of the employer or the unseaworthiness of the ship. Maintenance is a per diem living allowance, paid so long as the seaman is outside the hospital and has not reached the point of "maximum cure." Cure involves the payment of therapeutic, medical, and hospital expenses not otherwise furnished to the seaman, again, until the point of "maximum cure." Maximum cure is achieved when it appears probable that further treatment will result in no betterment of the seaman's condition. Pelotto v. L & N Towing Co., 604 F.2d 396, 400 (5th Cir.1979). A seaman may join his maintenance and cure claims with those based on the Jones Act and unseaworthiness. Id. at 400-01.

Severance/Jury Trial Issue
Under Louisiana Revised Statute 13:5105(A), a suit against the state or a state agency may be tried by a jury only if the state, its agency, or the plaintiff makes a timely demand for a jury trial. The right to a trial by jury is recognized in all cases, except as limited by Article 1732 of the Louisiana Code of Civil Procedure. LSA-C.C.P. art. 1731(A). Before its amendment in 1999, Article 1732(6) stated that a trial by jury was not available in a suit on an admiralty or general maritime claim under federal law brought in state court under a federal "saving to suitors" clause, if the plaintiff designated that suit as an admiralty or general maritime claim.[5] In Parker v. Rowan Companies, Inc., 599 So.2d 296, 299 (La.1992)(on rehearing), cert. denied, 506 U.S. 871, 113 S.Ct. 203, 121 L.Ed.2d 145 (1992), the Louisiana Supreme Court examined the history of this provision and concluded its purpose was to "track the federal system and *33 give injured seamen who choose to file in state court the same choice of jury or bench trial as they would have in federal court." The court further concluded that the right to choose a bench trial over a jury trial was exclusive to the plaintiff and did not violate the due process rights of a defendant who requested a trial by jury. Id. at 301.
However, this holding in Parker was based entirely on the former language of Article 1732(6), which was repealed in 1999. Our research has disclosed only one case addressing this issue for a cause of action arising after the repeal of this provision. In Hahn v. Nabors Offshore Corp., 02-0084 (La.App. 3rd Cir.6/26/02), 820 So.2d 1283, writ denied, 02-2091 (La.11/1/02), 828 So.2d 575, the defendant requested a jury trial and the trial court denied the plaintiff's motion to strike the jury trial. The third circuit denied the plaintiff's application for supervisory writs, concluding that because the right to trial by jury in admiralty/general maritime claims was no longer restricted by Article 1732(6), the defendant's right to a jury trial should be recognized. Id. at 1285. As did the third circuit, this court has also reviewed the minutes of the legislative committees in which the amending legislation was discussed. These reveal that the purpose of the legislation was to make it possible for a defendant to maintain the right to a jury trial in admiralty cases in state court, rather than allowing only the plaintiff to make that choice.
Unlike in criminal matters, there is no constitutional right to trial by jury in a civil case in Louisiana courts. Riddle v. Bickford, 00-2408 (La.5/15/01), 785 So.2d 795, 799. The right to jury trials in civil cases is not so fundamental to the American system of justice as to be required of state courts by the due process clause of the Fourteenth Amendment. Blanchard v. City Parish of East Baton Rouge, 95-2011 (La.App. 1st Cir. 4/30/96), 674 So.2d 317, 320, writ denied, 96-1511 (La.9/20/96), 679 So.2d 443. However, the right to a trial by jury in a civil case is a basic right and should be protected in the absence of specific authority for its denial. Champagne v. American Southern Ins. Co., 295 So.2d 437, 440 (La.1974). When a party makes a timely request and complies with the other procedural requisites, his right to a jury trial cannot be violated. Blanchard, 674 So.2d at 325. The right to a jury trial is favored in the law and any doubtful statutory provision should be liberally construed in favor of granting a jury trial. Brewton v. Underwriters Ins. Co., 02-2852 (La.6/27/03), 848 So.2d 586, 589.
Spencer argues that when she amended her petition and added a maintenance and cure claim, DOTD did not request a jury trial on those issues. However, DOTD had already made a timely request for a jury trial on all issues; it was not required to reiterate that request for additional claims added by Spencer. Spencer also notes that DOTD did not file an appeal or application for supervisory writs when the trial court decided to sever the maintenance and cure claims and handle them in a bench trial, implying that DOTD waived its right to complain. However, the ruling on the motion was an interlocutory ruling that could only be appealed upon a showing of irreparable injury. LSA-C.C.P. art. 2083. The mere denial of a jury trial, without more, does not, on its face, result in irreparable injury such that it warrants a separate appeal. Guidroz v. State Farm Fire & Cas. Co., 334 So.2d 535, 539 (La.App. 1st Cir.1976). The appropriate remedy in these instances is either the application for supervisory writs or appeal after a final judgment. Id. Therefore, DOTD's choice to appeal the issue after a final judgment, *34 rather than to apply for supervisory writs, does not constitute a waiver of its right to bring the issue before this court.
Moreover, given that DOTD had requested a jury trial on all issues and Spencer chose to add her maintenance and cure claims to her Jones Act and general maritime claims, the maintenance and cure claims should not have been severed for a separate bench trial. In Fitzgerald v. United States Lines Co., 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963), the United States Supreme Court noted that while a jury trial is not required in admiralty cases, neither is a jury trial forbidden for such cases by any provision of the United States Constitution or statutes. Emphasizing that dual fact-finders were cumbersome, confusing, time-consuming, and completely unnecessary, the court stated that only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments. Id. at 21, 83 S.Ct. at 1650. It concluded that general maritime claims could and should be heard before a jury when joined with Jones Act claims, when both arise out of one set of facts. Id. Moreover, the court ordered a jury trial on the maintenance and cure claims despite its refusal to review the dismissal of the plaintiff's Jones Act claim. Id. at 21-22, 83 S.Ct. at 1650-51.
Without citing Fitzgerald, in which it was the plaintiff's right to a jury trial that was protected, the United States Fifth Circuit Court of Appeals analyzed a situation in which the seaman plaintiff alleged diversity jurisdiction, as well as admiralty jurisdiction, and later sought to withdraw his request for a jury trial without following a federal rule requiring the defendant's consent. Johnson v. Penrod Drilling Co., 469 F.2d 897 (5th Cir.1972), rehearing en banc granted, 478 F.2d 1208 (1973), aff'd on this issue en banc, 510 F.2d 234 (1975), cert. denied, 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 and 423 U.S. 839, 96 S.Ct. 69, 46 L.Ed.2d 58 (1975). The court determined that an independent basis of jurisdiction existed under which the defendant had the right to a trial by jury. Id. at 902.[6] Therefore, the plaintiff had to comply with Federal Rule 39(a), which required that when a jury trial had been properly demanded, trial of all issues must be by jury, unless the parties stipulated in writing or in open court that they all consented to a bench trial or if the court found there was no constitutional or statutory right to a trial by jury of some or all of the issues. Id. at 903.
Louisiana Code of Civil Procedure article 1736 is strikingly similar to Rule 39(a), stating:
The trial of all issues for which a jury trial has been requested shall be by jury, unless the parties stipulate that the jury trial shall be as to certain issues only or unless the right to trial by jury as to certain issues does not exist; however, except as otherwise provided under *35 the provisions of Article 1562, there shall be but one trial.[7]
The official revision comments to Article 1736 refer to the comparable provision in Federal Rule 39 and state that the last clause was added to provide specific protection against piecemeal trial of cases.
In the case before us, Article 1731, along with DOTD's timely request for a jury trial on all issues pursuant to LSA-R.S. 13:5105, provided DOTD with a statutory right to a trial by jury under Louisiana law. Under Article 1736, and applying the rationale of the Johnson case, that right could not be foreclosed and all issues should have been tried in one trial. We conclude, therefore, that the trial court erred in severing the maintenance and cure claims, thereby denying DOTD's right to a trial by jury on the issues related to those claims.[8] Accordingly, the judgment must be reversed and the case remanded for a jury trial on all the issues.[9]See Dardar v. Texoma Contractors, Inc., 446 So.2d 890, 892 (La.App. 1st Cir.1984); Fitzgerald, 374 U.S. at 21-22, 83 S.Ct. at 1650-51.[10]

CONCLUSION
The judgment of December 11, 2002, is reversed, and this case is remanded for further proceedings. All costs of this appeal are assessed to Spencer.
REVERSED AND REMANDED.
NOTES
[1] This is the first of two appeals from the same lawsuit. In the second appeal, DOTD appeals an award of damages based on Spencer's Jones Act and unseaworthiness claims. See Spencer v. State of Louisiana, Dep't of Transp. and Dev., 03-2849 (La.App. 1st Cir.8/11/04), 887 So.2d 35, 2004 WL 1789591.
[2] Having requested a jury trial on all issues, DOTD objected to having the maintenance and cure claims tried separately in a bench trial. However, the court granted Spencer's motion to sever.
[3] The refund requirement was based on Civil Service Rule 11.21, which states:

When an employee is absent from work due to disabilities for which he is entitled to workmen's compensation he
(a) shall, to the extent of the amount accrued to his credit, be granted sick leave not to exceed the amount necessary to receive total payments for leave and workmen's compensation equal to his regular salary.
(b) may, to the extent of the amount accrued to his credit, be granted annual leave or a combination of annual and sick leave not to exceed the amount necessary to receive total payments for leave and workmen's compensation equal to his regular salary.
(c) may be granted leave without pay.
[4] According to the parties, the judge's law clerk called and informed them that the court had ruled in favor of Spencer on all the issues.
[5] 1999 La. Acts, No. 1363, § 1, effective August 15, 1999, repealed this prohibition; Section 2 of Act 1363 made the repeal applicable to causes of action arising on or after its effective date.
[6] Compare Lavergne v. Western Co. of North America, Inc., 371 So.2d 807, 810 (La.1979). In that case, which considered whether a litigant is entitled to a jury trial on an admiralty claim in personam brought in our state courts, the Louisiana Supreme Court held that if the right to trial by jury is one of the remedies saved to a suitor under 28 U.S.C. § 1333, then this remedy should be afforded him in our state courts. The court also recognized that a state court, having concurrent jurisdiction with the federal courts as to in personam admiralty claims, is free to adopt such remedies and attach to them such incidents as it sees fit, so long as it does not attempt to modify or displace essential features of the substantive maritime law. The court noted that trial by jury is a remedy generally afforded in our state courts.
[7] Article 1562 allows bifurcated trials of liability and damages, with the consent of the parties, or separate trials to determine insurance coverage issues, again with the consent of the parties.
[8] We express no opinion as to the merits of Spencer's claims.
[9] Of course, a jury trial would not be appropriate if, for example, DOTD withdrew its request for a jury trial on all issues or Spencer stipulated that the value of all her claims against DOTD would not reach the jurisdictional threshold for a jury trial.
[10] As previously noted, after a final judgment was rendered and this appeal had been filed on the maintenance and cure claims, a second trial was held. Before that trial, Spencer stipulated that the value of her remaining claims was less than $50,000, and the trial court concluded this stipulation precluded a jury trial on those claims. See LSA-C.C.P. art. 1732(1). Following the second bench trial, the judgment on those claims was separately appealed, and this appeal was re-docketed for consideration with the second appeal. Although this procedure allows the same panel of this court to consider both appeals, it does not allow this court to treat the two separate appeals as if it were just one appeal of both judgments. This situation is a classic illustration of why piecemeal trials and appeals are disfavored, as our decision in this case necessarily interdicts the judgment rendered on the remaining claims.